E. A. KEMMERER, Appellant, v. S. L. KEMMERER, *et al.*, Appellees.

1. **Partnership:** ACCOUNTING: INTEREST.  In an action for an accounting between partners, one partner cannot be charged with interest upon money drawn by him out of the firm, as shown by monthly balances of the firm's accounts, except by a previous agreement between the partners, or upon a balance struck upon a settlement of the partnership affairs, even though his co-partner has withdrawn· no money out of the firm during the period for which interest is sought to be charged.

2. ——: ——: ——.  The plaintiff having purchased an interest in the firm of the defendant L., and given her note therefor with a provision for interest at ten per cent., *held*, that L. was entitled to plead said note as a counterclaim to any amount that might be found due from him to the plaintiff on said accounting, and to recover interest thereon as provided in said note, although at the time of the dissolution of said firm L. had overdrawn his account with the firm in a sum more than sufficient to pay said note.

3. ——: ——: JUDGMENT.  The plaintiff having recovered a judgment upon said accounting, and disposed of the same, *held*, that she was not in a position upon appeal to complain that said judgment was not made a lien upon the property of the firm.

*Appeal from Buchanan District Court.*—HON. JOHN J. NEY, Judge.

TUESDAY, MAY 17, 1892.

ACTION for the dissolution of a partnership and for an accounting. There was a judgment and decree dissolving the partnership. The plaintiff appeals. *Affirmed*.

*H. W. Holman*, for appellant.

*Lake & Harmon*, for S. L. Kemmerer.

*E. E. Hasner*, for J. W. Lamb.

KINNE, J.—Prior to January 5, 1881, the defendants, S. L. Kemmerer and J. W. Lamb, had been engaged in the grain and implement business at Independence and other points under the firm name of Kemmerer & Lamb. On January 5, 1881, a new firm was organized, composed of the defendants and the plaintiff, under the name of Kemmerer, Lamb & Co., to carry on the same business. Each member of the old firm sold to the plaintiff an undivided one-sixth interest in its property. The latter firm continued the business until July, 1886. The case was tried by a referee, who made certain findings and recommendations, which were reported to the court, and a judgment rendered in accordance therewith. We need consider only the findings of the referee which the appellant claims were erroneous.

I. The plaintiff is a woman, the wife of the defendant S. L. Kemmerer. On July 23, 1886, there was charged on the firm books the sum of

1. PARTNERSHIP: accounting: interest.

one thousand, three hundred and thirty-two dollars and sixty-four cents to the defendant J. W. Lamb, and the sum of one thousand, one hundred and two dollars and eight cents to the defendant S. L. Kemmerer. These items represented interest at six per cent., computed on monthly bal-

ances, on the money which said members of the firm
had drawn out of the firm between the time of its
formation and July 23, 1886. It appears that up to
this time the plaintiff had drawn no money out of the
firm. This interest the referee refused to allow, find-
ing in effect that it was interest charged entirely upon
past transactions when there was no legal obligation to
pay interest, and that the evidence as to the agreement
between the defendants that said interest should be
charged was conflicting. This finding was right.
There is nothing in the partnership contract provid-
ing for the payment of interest, and the agreement to
pay it, based upon transactions then past, would
amount to nothing more than a gift by these partners
to the firm. We know of no authority authorizing the
charging of interest in such cases unless the parties
have otherwise provided in advance, or unless there
has been a balance struck between the parties on a
settlement had of the partnership matters. At the
time this interest was charged there had been no settle-
ment of the partnership business. These two parties
had simply looked over the books to ascertain about
how they stood. The testimony as to this agree-
ment is conflicting, and we see no reason why the
general rule in relation to charging interest in
such cases should not apply. The cases cited by the
appellant do not apply. Most of them will be found
to be cases where interest was charged on balances after
a dissolution of the partnership had taken place. We
do not doubt that in a proper case, where all the par-
ties agree, and a settlement is had and balances found
due, interest may be allowed on such balance, even
before a final dissolution of the firm; but that is not
the case at bar. The following authorities support the
rule we have announced. *Sweeney v. Neeley* 19 N. W
Rep. (Mich.) 127; *Gilman v. Vaughan*, 44 Wis. 646
and cases there cited. These cases also hold against

the appellant's contentions that interest should have been charged from the date the defendants looked over their account. It is clear that there was no such settlement of the partnership affairs, and an ascertainment of a balance as the law contemplates shall be made before interest can be charged.

II. It appears that when the plaintiff became a member of the co-partnership, she gave her note to the defendant, Lamb, for one thousand, eight hundred and thirty-three dollars and sixty-six cents for his one-sixth interest in the old firm's assets. This note drew ten per cent. interest. The referee found that after deducting the amount the plaintiff had paid on the note, there yet remained two thousand two hundred and seventy dollars and seventy-two cents due Lamb. Lamb pleaded this note as a counterclaim to any sum which might be found due from him to the plaintiff on the settlement of the partnership accounts. This the referee allows as a claim in favor of Lamb as against the plaintiff. The plaintiff contends that this was error, and that by the contract of partnership the sum represented by the note was to be paid on the indebtedness of the old firm. It appears that eight hundred and ninety-four dollars and forty-nine cents was thus paid and applied, and we may well assume that the balance due on the note was not thus applied, because, though due in May, 1889, the plaintiff never paid it. Certainly the payment of the debts of the old firm of Kemmerer and Lamb could not be postponed for over eight years to await the plaintiff's pleasure, even if the plaintiff's contention is correct; and we think it is not. It may seem unjust that the plaintiff should be compelled to pay this sum, with interest, when in 1886 Lamb had overdrawn his account with the firm more than sufficient to pay this claim. The plaintiff, however, could

have paid the note when due, or she could have had a dissolution of the co-partnership in 1886, when it ceased to do business. This note could have been sued at law, and the amount due recovered, and we see no legal way of relieving the plaintiff from this seeming hardship.

III. The referee, after stating the accounts between the parties, finds that the plaintiff is entitled to a judgment against the defendant S. R. Kemmerer, for three thousand, two hundred and eighty-three dollars and sixteen cents; that Lamb owes the plaintiff on firm account one thousand, six hundred and forty-one dollars and ninety-nine cents, and that the plaintiff owes Lamb on the counter-claim two thousand, five hundred and seventy dollars and seventy-two cents, leaving a balance due Lamb, of nine hundred and twenty-eight dollars and seventy-three cents. He recommends that judgment be entered against S. L. Kemmerer in favor of the plaintiff for three thousand, two hundred and eighty-three dollars and sixteen cents, and in favor of Lamb and against the plaintiff for nine hundred and twenty-eight dollars and seventy-three cents. He also recommends that the cash on hand, and that to be realized from collections and sale of property, be equally divided between the parties. A judgment and decree was entered in accordance with these recommendations. The plaintiff complains of this, and insists that she should have had the amount due her from S. L. Kemmerer made a lien upon all the money and property belonging to the firm. We need not discuss this question, as it appears that the plaintiff has sold and disposed of the judgment she recovered against her husband, and also all her interest in all the remaining property of the firm. She now has no valid claim whatever against S. L. Kemmerer or the firm, and hence is no position to

*(margin note: 3. ——: ——: judgment.)*

complain of the ruling of the court in this partic-
ular.

A motion was made to dismiss this appeal, which
we do not think can be sustained. The judgment and
decree of the court below is AFFIRMED.