## In Equity.

### INHABITANTS OF HOULTON *vs.* FRANK W. TITCOMB et al.

### Aroostook.    Opinion December 18, 1906.

*Municipal Corporations.    Towns.    Ordinances.    Nuisances.    Equity Jurisdiction.*
*Towns may enjoin nuisances, when.    R. S., chapter 4, section 93, paragraph*
*VIII; chapter 28, sections 13, 20, 22, 25 26, to 45 ; chapter 79, section 6,*
*paragraph V.*

R. S., chapter 4, section 93, among other things, provides as follows : "Towns, cities and village corporations may make by-laws or ordinances, not inconsistent with law, and enforce the same by suitable penalties, for the purposes and with the limitations following :  .  .  .  .  (VIII.) Respecting the erection of buildings therein and defining their proportions, dimensions and the material to be used in the construction thereof; and any building erected contrary to a by-law or ordinance adopted under this specification is a nuisance."

Municipal ordinances are in derogation of the common law and must be strictly construed.    They cannot be enlarged by implication.

A bill in equity cannot ordinarily be maintained for the mere violation of a municipal ordinance.    The threatened act of violation must amount to a nuisance, if done.

A thing is not a nuisance simply because a municipal ordinance declares it to be such, but the State may declare what may, at law, be deemed a nuisance, and this State has declared that buildings erected contrary to ordinances legally made in accordance with the provisions of R. S., chapter 4, section 1, are nuisances.

A court in equity at common law has jurisdiction to restrain nuisances, and has specific jurisdiction in this State "in cases of nuisance and waste." Therefore equity will take jurisdiction for the threatened violation of a municipal ordinance when such violation contemplates an act which is a nuisance in law, not because the act is a violation of the ordinance but because it is a nuisance.

A municipal corporation as the representative of the equitable rights of its inhabitants may enjoin nuisances affecting matters with reference to which a portion of the power of the State has been confided to it. The prevention of fires is a matter which the State has confided to towns.

In the case at bar, the plaintiff town had legally adopted an ordinance which provided that "no wooden or frame building shall hereafter be erected nor any building now erected or hereinafter to be erected, be altered, raised, roofed, enlarged, or otherwise added to or built upon with wood," etc., within certain prescribed limits called the "Fire District." By the provision of another ordinance the municipal officers of the plaintiff town were authorized to "grant licenses to erect, alter, raise, roof, enlarge or otherwise add to or build upon or move any wooden building" within the limits of said District, etc. The defendant Titcomb undertook "to complete, erect, alter, raise, roof, enlarge, add to and build upon with wood" a certain wooden building within the limits of said "Fire District" without a license therefor from the municipal officers of the plaintiff town. But at a special town meeting of the plaintiff town previously held, it was voted to authorize and allow the defendant Titcomb "to repair and put in an inhabitable condition" the aforesaid wooden building. Held: (1) that this vote did not contravene or modify the application of the ordinances; (2) that the violation of the ordinances constituted a nuisance against the public as a violation of a police regulation.

In equity.   On report on agreed statement of facts.   Decree in accordance with opinion.

Bill in equity brought by the inhabitants of Houlton in the name of their selectmen against the defendants, Frank W. Titcomb and the Houlton Savings Bank to restrain them from the alleged, and intended, violation of certain municipal ordinances of the town of Houlton regulating the erection, alteration and enlargement of wooden buildings within the limits of the "Fire District" in said town.

The bill, omitting formal parts, is as follows:

"The inhabitants of the town of Houlton, in the county of Aroostook, by Thomas P. Putman, Frank W. Pearce and Wallace A. Dykeman, the selectmen of said town, complain against Frank W. Titcomb, of said Houlton, and the Houlton Savings Bank, a corporation duly existing by the laws of said State of Maine, and having its place of business at said Houlton, and say:

"First. At a legal meeting of the inhabitants of said town of Houlton, held on the 31st day of March, 1890, being the regular annual meeting of said town for the year 1890, and the warrant for which meeting contained a sufficient article for that purpose, said town made and adopted the following by-laws or ordinances respecting the erection of buildings therein, and defining their proportions, dimensions and the material to be used in the construction thereof, and establishing a Fire District in the village of said Houlton, and to regulate the building and prohibit the construction of wooden and frame buildings therein:

"'Sec. 1. For the purpose of securing the prevention of fire in the village of Houlton, a Fire District is hereby established therein, the boundaries of which shall be as follows: (The boundaries of said "Fire District" here follow.)

"'Sec. 2. No wooden or frame building shall hereafter be erected, nor any building now erected, or hereafter to be erected, be altered, raised, roofed, enlarged or otherwise added to or built upon with wood, nor any wooden building be removed from other territory, to and upon the territory described in section one, nor from any portion of said Fire District to another portion thereof, except as hereinafter provided, and any such building so erected, added to, or removed contrary to the provisions of this ordinance, shall be deemed a public and common nuisance and abated as such.

"'Sec. 3. The municipal officers may grant licenses to erect, alter, raise, roof, enlarge or otherwise add to or build upon, or move any wooden building within said District, upon such terms and conditions and subject to such limitations and restrictions as they may prescribe; but before any such license is granted, a notice of the application

therefor shall be published in a newspaper printed in said town, at the expense of the petitioner.

"'Sec. 4.　Any person, whether owner, lessee, contractor or agent, who shall violate the provisions of this ordinance shall forfeit and pay for the use of the town the sum of fifty dollars, to be recovered by an action of debt in the name of the town treasurer;' which said by-laws and ordinances were, thereafterwards, on the same day, duly entered, and recorded in the town records of said town of Houlton, and are still in force.

"Second.　Said Frank W. Titcomb and said Savings Bank are now, and for a long time heretofore, have been seized in fee or otherwise entitled to and in possession of a certain tract or parcel of land situated within the boundaries named and set forth in section one, and bounded and described as follows:　(The boundaries of said land here follow.)

"Third.　Said Frank W. Titcomb and said Savings Bank are now erecting, altering, raising, roofing, enlarging and otherwise adding to, and building upon with wood, a certain two story wooden or frame building upon their said lot or parcel of land hereinbefore named and described, without any license from the municipal officers of said town of Houlton to do the same, and in violation of said by-laws and ordinances, and in violation of law.

"Fourth.　Said Frank W. Titcomb and said Savings Bank threaten, purpose, intend, and are about to proceed forthwith to fully complete, erect, alter, raise, roof, enlarge, add to, and build upon with wood, said wooden building, without any license from the municipal officers of said town of Houlton to do so, and are now at work upon the same in violation of said by-laws and ordinances.

"Fifth.　That said wooden building if so erected, altered, raised, roofed, enlarged, added to, and built upon with wood, as threatened, intended, and purposed by said Frank W. Titcomb and said Savings Bank, and as they are now doing the same, will be a public and permanent nuisance, by force of said by-laws and ordinances, and

the statute in such case made and provided; that it is situated in the most compact part of the village of said Houlton, and closely surrounded by other buildings; that it will jeopardize the other property and buildings, situated in said village, and render them much more liable to damage and destruction by fire, and greatly lessen the value of all other property situated in said village, and that the damage so arising as aforesaid will be great, irremediable and permanent; and that unless prevented by the order of your Honorable Court a great, irreparable and permanent injury will be at once done to your complainants.

"Wherefore inasmuch as your complainants have no plain or adequate remedy at law, and great, irreparable and permanent injury will result to them unless your Honorable Court will interfere to prevent the same, may it please your Honors, as a court in equity, forthwith, on due notice first given, to require of the defendants full, true, and perfect answer to make all and singular, the several allegations of this bill; and that thereupon, on proper hearing had of the parties, you would order and decree that said defendants be perpetually enjoined and restrained against erecting, altering, raising, roofing, enlarging, or otherwise adding to, or building on with wood, said wooden building, in any way as threatened, intended or purposed by them as aforesaid, and that such other or further decree may be made as to your Honors may seem fit and proper in the premises; and further for the reasons aforesaid, may it please your Honors to grant an immediate preliminary injunction, such as above prayed for to continue until a full hearing of the parties and a final adjudication shall be arrived at; and it may please your Honors to decree costs to the complainants."

This bill is dated May 19, 1903.

The answer of the defendant Titcomb, omitting formal parts, is as follows:

"First. The said defendant admits that the inhabitants of said town of Houlton, on the thirty-first day of March, 1890, adopted the ordinance set forth in paragraph one of the plaintiffs' bill.

"Second. The said defendant admits that he and the Houlton

Savings Bank are the owners of the land and premises named and described in paragraph two of the plaintiffs' bill.

" Third. The said defendant admits that on the nineteenth day of May, 1903, said Frank W. Titcomb was about to raise, roof and enlarge the building situate on the premises described in paragraph two of the plaintiffs' bill, and referred to in paragraph three and four of the plaintiffs' bill.

" Fourth. The said defendant admits that he the said Frank W. Titcomb on the said nineteenth day of May, 1903, did purpose and intend to alter, raise, roof and enlarge the building then and there situate on the premises named in paragraph two of the plaintiffs' bill, and referred to in paragraphs three and four of plaintiffs' bill ; but the defendant denies that he was altering, raising, roofing or enlarging, or that he intended then and there to alter, raise, roof, and enlarge the said building without license, but he avers and declares that he the said Frank W. Titcomb then and there had authority and license from the inhabitants of the said town of Houlton, then and there to alter, raise, roof and enlarge said building, as he was proceeding to do.

" Fifth. The said defendant denies that the said wooden building named and referred to in paragraphs two, three and four of the plaintiffs' bill, if erected, altered, raised, roofed, enlarged, added to, and built upon with wood as intended and proposed, then and there by said Frank W. Titcomb, would be a public and permanent nuisance by force of any by-laws, ordinances or statute in such cases made and provided, because they say, that in truth and in fact, the said building is not situate in the most compact part of the village of said Houlton, and is not closely surrounded by other buildings, and that said building would not jeopardize the other property and buildings situate in said village, and would not render much more liable to damage and destruction by fire, and would not greatly lessen the value of other property situate in said village, and that there would be no damage arising therefrom, and that there would be no irreparable, and no permanent injury done to said plaintiffs or any one else; but in truth and in fact the said defendant Frank W.

Titcomb says: for the defendant to raise, alter, repair and complete said building as he proposed to do, would be a permanent benefit to said village of Houlton, and an increase of the value of property in said Houlton.

"Sixth. And the said defendant further says, that the said plaintiffs are estopped from setting up the claim made by them in their bill, and that the defendant should not be enjoined and restrained as requested in the plaintiffs' bill, by virtue of the ordinance set forth and named in paragraph one of the plaintiffs' bill, because he says, that on the twenty-seventh day of April, 1903, at a legal meeting of the voters and inhabitants of said town of Houlton duly called for that purpose, the said plaintiffs so assembled in their town meeting as aforesaid, voted to allow the said Frank W. Titcomb to rebuild, alter, enlarge, raise and repair the said building referred to in said plaintiffs' bill, in any manner which the said Frank W. Titcomb saw fit, as by the record thereof in the office of the town clerk in said Houlton will appear, which said records, the said defendant offers to produce to said Court; and the defendant claims that by reason of said votes of said town, the said Frank W. Titcomb, and the building so owned by him as aforesaid were exempt from the provisions of the ordinance named and set forth in paragraph one of the plaintiffs' bill.

The answer of the defendant, Houlton Savings Bank, omitting formal parts, is as follows:

"First. Said defendant admits that the inhabitants of said town of Houlton adopted the ordinance set forth in paragraph one in the plaintiffs' bill, as therein specified.

"Second. Said defendant is informed and believes that said Frank W. Titcomb is the owner of the premises described in the plaintiffs' bill, and the only interest that said Houlton Savings Bank has in and to the premises is under and by virtue of a mortgage thereon held by said Bank.

"Third. Said Houlton Savings Bank denies that it is now or has been erecting, altering, raising, roofing, enlarging, or otherwise adding to and building upon a wooden building on said premises, as set out in the third paragraph of the plaintiffs' bill, but neither admits

nor denies that said Frank W. Titcomb may have been so engaged.

"Fourth. Said defendant denies all and singular the allegations contained in the fourth paragraph of the plaintiffs' bill so far as the same relates to the said Houlton Savings Bank.

"Fifth. Said Houlton Savings Bank neither admits nor denies the allegations contained in the fifth paragraph of the plaintiffs' bill, except to say that said Bank has not been engaged and has not intended to engage in the erection or maintenance of anything on said premises which would constitute a public nuisance."

At the hearing before the Justice of the first instance, an agreed statement of facts was filed and then by agreement the cause was reported to the Law Court for decision.

The agreed statement of facts is as follows :

"It is hereby agreed by the plaintiffs and defendants in this case that the by-laws and ordinances set forth in paragraph one of the plaintiffs' bill were legally enacted and adopted by said town of Houlton, and since their enactment and adoption have been in full force and virtue in said town of Houlton ever since, except so far as the same may have been modified, changed, altered, amended or repealed by the special town meeting of said town, held April 27th, 1903, as set forth in the sixth paragraph of the answer of said defendant, Frank W. Titcomb.

"That said defendants were duly seized and possessed of the real estate as set forth in paragraph two of plaintiffs' bill, that the defendants admit the acts complained of by said plaintiffs in paragraph three and four of plaintiffs' bill and claim to justify said acts by the action of said special town meeting set forth in paragraph six of the answer of said defendant Frank W. Titcomb.

"That on the 27th day of April, 1903, at a legal meeting of the legal voters of said town of Houlton, duly called for that purpose by a legal warrant containing the following article : 'Art. 3. To see if the town will authorize and allow Frank W. Titcomb to repair and put in an inhabitable condition the old Sleeper House, so called, on the north side of Bangor Street, in said Houlton, opposite the foundry.' Said town voted under said article as follows : ' Art. 3. Voted to authorize and allow Frank W. Titcomb to repair,

and put in an inhabitable condition the old Sleeper House, so called, situate on the north side of Bangor Street, in said Houlton opposite the foundry.'

" That the premises described in said Article Three of said town warrant and in said vote above set forth, are the same premises set forth and described in paragraph two and three of plaintiffs' bill, and that said premises and buildings at the time of the filing of plaintiffs' bill, and ever since, were and are within the fire limits as described in the ordinance set forth in the first paragraph of the plaintiffs' bill, except so far as the same may have been removed from said fire limits by the act of the said special town meeting held April 27th, 1903, as aforesaid.

" That said defendants prior to the filing of the bill in this case had never received any license from the municipal officers of said Houlton, to erect, alter, raise, roof, enlarge or otherwise add to or build upon any wooden building described in paragraph two, three, four and five of plaintiffs' said bill."

*Ira G. Hersey*, for plaintiffs.

*Shaw & Lewin*, for defendant Frank W. Titcomb.

*Powers & Archibald*, for defendant Houlton Savings Bank.

SITTING: WISWELL, C. J., WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J.   This is a bill in equity brought by the inhabitants of Houlton in the name of their selectmen against Frank W. Titcomb and the Houlton Savings Bank, to restrain them from the alleged, and intended, violation of the town ordinances regulating the erection, alteration and enlargement of wooden buildings within the fire district of said town.   The case comes to this court upon the bill, answer, replication and agreed statement of facts.

The bill properly sets out the ordinances alleged to have been violated, their adoption at a legal town meeting, the ownership of property by the respondents and their violation and intended violation of the ordinances and that, if their intention is carried into effect, it will produce the existence of a public and permanent nuisance

against the by-laws and ordinances of the town and statutes of the State. We think it is unnecessary to specifically refer to any of the allegations of the bill except the third and fourth items which we insert in full. The third is as follows: "Said Frank W. Titcomb and said Savings Bank are now erecting, altering, raising, roofing, enlarging and otherwise adding to, and building upon with wood, a certain two story wooden or frame building upon their said lot or parcel of land hereinbefore named and described, without any license from the municipal officers of said town of Houlton to do the same, and in violation of said by-laws and ordinances, and in violation of law."

The fourth reads: "Said Frank W. Titcomb and said Savings Bank threaten, purpose, intend, and are about to proceed forthwith to fully complete, erect, alter, raise, roof, enlarge, add to, and build upon with wood, said wooden building, without any license from the municipal officers of said town of Houlton to do so, and are now at work upon the same in violation of said by-laws and ordinances."

These are the two items, it will be observed that respectively charge the defendants with the actual and intended violations of the ordinances of the town. The Houlton Savings Bank in its answer avers that the only interest which it has in the premises described is by virtue of a mortgage thereon held by the Bank. But by the agreed statement, this defendant admits its joint ownership and the acts complained of in paragraph three and four of the bill. It must therefore stand or fall with the defendant Titcomb.

Titcomb in his answer admits the truth of the allegations of fact in the third and fourth items of the plaintiffs' bill but denies, in the fourth item of his answer, that the acts done and proposed to be done are in violation of the town ordinances, and avers that he had authority and license from the inhabitants of the town of Houlton to alter, raise, roof and enlarge said building as he was proceeding to do. He also denies in the fifth item that his proposed alterations upon the building would make it a public nuisance.

The ordinances upon which the plaintiffs rely to prevent the defendants from the prosecution of the work which they have undertaken upon the building in question, reads as follows: "Sec. 2.

No wooden or frame building shall hereafter be erected, nor any building now erected, or hereafter to be erected, be altered, raised, roofed, enlarged or otherwise added to or built upon with wood, nor any wooden building be removed from other territory, to and upon the territory described in section one, nor from any portion of said Fire District to another portion thereof, except as hereinafter provided, and any such building so erected, added to, or removed contrary to the provisions of this ordinance, shall be deemed a public and common nuisance and abated as such.

"Sec. 3. The municipal officers may grant licenses to erect, alter, raise, roof, enlarge, or otherwise add to or build upon, or move any wooden building within said District, upon such terms and conditions and subject to such limitations and restrictions as they may prescribe; but before any such license is granted, a notice of the application therefor shall be published in a newspaper printed in said Town, at the expense of the petitioner."

The defendants concede that the above by-laws and ordinances were legally enacted and adopted by the town and since their enactment and adoption have been in full force and virtue. The agreed statement also shows that the defendants admit the acts complained of by said plaintiffs in paragraph three and four of their bill, but claim to justify said acts by the action of the special town meeting, set forth in paragraph six of the answer of the defendant Titcomb, that on the 22nd day of April, 1903, the town of Houlton at a legal meeting called for the purpose authorized him to operate upon the building as he was doing and intended to do. Article three of the warrant calling this town meeting, under which he claims to justify his acts, was as follows: "Art. 3. To see if the Town will authorize and allow Frank W. Titcomb to repair, and put in an inhabitable condition the old Sleeper House, so called, on the north side of Bangor Street, in said Houlton, opposite the Foundry." The town voted upon this article as follows: "Art. 3. Voted to authorize and allow Frank W. Titcomb to repair and put in an inhabitable condition the old Sleeper House, so called, situate on the north side of Bangor Street, in said Houlton opposite the Foundry."

It is further conceded that the premises described in said article

three are the ones involved in this controversy and are within the fire
limits described in the ordinances herein set forth "except so far as
the same may have been removed from said fire limits by the act of
the said special town meeting." Nor is it claimed that the defend-
ants had ever received the license, authorized by article three of the
ordinances above quoted, to perform any of the acts prohibited by
the ordinances and complained of in plaintiffs' bill. The defendants
in their argument also admit the legality and constitutionality of the
fire ordinances in question.

The only issue, therefore, raised in this case is whether the vote
of the special town meeting above quoted under article three of the
warrant relieved the defendants from the operation of the ordinances
with reference to the wooden building, which they were seeking to
alter as set forth in the plaintiffs' bill and admitted in their answer.
The defendants claim in item six of their answer that on account of
the vote in this special town meeting, the town should be estopped to
invoke the application of the ordinances to their proposed action.
Without determining whether the doctrine of estoppel would apply
if the vote in the special town meeting had authorized the defendant
to do all that the ordinance prohibited, let us first discover whether,
as a matter of fact or legal inference, the vote in the special town
meeting did authorize the defendants to do any of the things which
the ordinances prohibited. In other words, does the subject matter
of the vote conflict with the subject matter of the ordinances?

The language of section two of the ordinances which directly
applies to the issue raised in this case reads, "No wooden or frame
building shall hereafter be erected nor any building now erected
or hereinafter to be erected, be altered, raised, roofed, enlarged, or
otherwise added to or built upon with wood," etc. The defendants
admit in their answer that they were "about to raise, roof and
enlarge the building," that is they were about to do just what the
ordinances inhibit. Now, did the vote of the town at its special
meeting authorize the defendants to do any of these inhibited things?
We think not. This vote, strictly following the article in the war-
rant, simply authorized the defendants "to repair and put in an
inhabitable condition the old Sleeper House" etc. which is the house

in question. By a comparison of the phraseology of this vote with the language of the ordinances, it will be observed that it does not repeal or modify the inhibitions or become inconsistent with the complete application of the ordinances to the facts set out in the plaintiffs' bill and admitted by the defendants' answer. The ordinances do not pretend or assume to prevent the ordinary repair of a house and putting it into inhabitable condition. It was not intended by the ordinances to prohibit such action on the part of the householder. It would be clearly unreasonable if it did. Undoubtedly many of the houses in Houlton require more or less repairs every year to make them inhabitable. A house might become uninhabitable for want of shingling, yet it would hardly be contended that the above ordinances were intended to prevent the repair of shingling to make it inhabitable, without a license from the municipal officers. We are indeed at a loss to know just what the town meant by the passage in its town meeting of the above vote. There is nothing in the case or the vote, which tends to show the condition of the house which it authorized the defendant to repair, or what repairs would be necessary to make it inhabitable; whether it was shingling, clapboarding, inserting sills or putting on a roof; or that any of the repairs permitted by the vote came within the scope of the ordinances. Our conclusion consequently is that the vote of the town authorizing the defendants to repair and make their house inhabitable, in no way contravenes or even modifies the application of the ordinances invoked by the plaintiffs.

The ordinances are in derogation of the common law and must be construed strictly. They cannot be enlarged by implication. The defendants had a right therefore to do anything to their property not strictly inhibited by the ordinances. Hence it seems, so far as the case or the vote shows, that the town only authorized the defendants to do what they had a right to do without any such vote, and without any violation of the ordinances in question. But when the defendants proceed to go farther, and, as is alleged in the plaintiffs' bill and admitted in the answer, attempt "to complete, erect, alter, raise, roof, enlarge, add to and build upon with wood, said wooden building without any license from the municipal

officers" they then clearly bring themselves within the prohibition of the ordinances.

But the mere fact that the proposed act of the defendants is in violation of the ordinances will not enable the plaintiffs to sustain their bill.

A bill in equity cannot ordinarily be sustained for the mere violation of a municipal ordinance. The threatened act of violation must amount to a nuisance, if done. 13 Am. and Eng. Encyc. 401 ; *The Mayor of Manchester* v. *Smyth*, 64 N. H. 380; *President and Trustees of the Village of Waupun* v. *Moore*, 34 Wis. 450; Dillon on Munic. Corp., sec. 405.

Nor is a thing a nuisance merely because a municipal ordinance declares it to be such. *Hutton* v. *City of Camden*, 10 Vroom, 122 ; 23 Am. Rep. 212 ; *Ex Parte O'Leary*, 65 Miss. 180 ; 7 Am. St. Rep. 640 ; *Jackson* v. *Castle*, 82 Maine, 579 ; *Pine City* v. *Munch*, 42 Minn. 342.

But the State may declare what may, at law, be deemed a nuisance, *Metropolitan Board of Health* v. *Heister*, 37 N. Y. 661 ; 23 Am. Rep. 212 ; note. Dillon on Munic. Corp. 1, sec. 93.

This State has declared, R. S., ch. 4, sec. 93, par. VIII, that buildings erected contrary to the ordinances for which this section provides, are nuisances.

The court in equity at common law has jurisdiction to restrain nuisances, and has specific jurisdiction in this State "in cases of nuisance and waste." R. S., ch. 79, sec. 6, par. V.

Therefore it is clear that equity will take jurisdiction for the threatened violation of a municipal ordinance when such violation contemplates an act which amounts to a nuisance in law, not because the act is a violation of the ordinance but because it is a nuisance.

Another question which arises in the discussion of this case is, how and when a municipal corporation may maintain a bill to restrain a nuisance in the violation of an ordinance which constitutes a nuisance. Some cases uphold the right when it appears that the municipality would sustain special damages or be put to additional responsibility by reason of the threatened acts. *Coast Co., Applt.* v. *Mayor, etc., of Spring Lake*, 58 N. J. Eq. 586; 51 L. R. A., 657, note ; *E. & A.*

*R. R. Co.* v. *Inhbts. of Greenwich,* 25 N. J. Eq. 565; *Jersey City* v. *Central R. R. Co.,* 40 N. J. Eq. 417; *Hutchinson Twp.* v. *Filk,* 44 Minn. 536. And when no special damages or additional responsibility was shown, relief was denied. *Ward* v. *City of Little Rock,* 41 Ark. 526 ; 48 Am. Rep. 46 ; *Dover* v. *The Portsmouth Bridge Co.,* 17 N. H. 200 ; *Mayor* v. *Smyth,* 64 N. H. 380; *Town of Sheboygan* v. *Sheboygan & Fond du lac R. R. Co. et al.,* 21 Wis. 675.

But some courts have held that a municipal corporation as the representative of the equitable rights of the inhabitants may enjoin nuisances affecting matters with reference to which a portion of the power of the State has been confided to it. The right is limited to such matters, with respect to other matters, the right depends upon the same conditions as the right of individuals, namely, special damages, etc. 51 L. R. A. 657 supra, note. *The Metropolitan City Railway Co.* v. *The City of Chicago,* 96 Ill. 620 ; 42 Minn. 342, supra ; *Winthrop* v. *Farrar,* 11 Allen, 398 ; *Watertown* v. *Mayo,* 109 Mass. 315 ; *Taunton* v. *Taylor,* 116 Mass. 254. *The Board of Health of the City of Yonkers, Respondent,* v. *John Copcutt, Applt.,* 140 N. Y. 12.

This last proposition seems to be logical and sound and would appear to authorize a town to maintain injunction proceedings against threatened nuisances affecting matters of which the State has confided to it either control or regulation.

The prevention of fires is a matter which the State has confided to the town. R. S., ch. 28, sects. 13, 20, 22, 25, 26 to 45 inclusive.

As the violation of the ordinances in the case at bar constituted a nuisance against the public as a violation of a police regulation, the entry must be,

> *Bill sustained with costs.*
>
> *Perpetual injunction to issue.*
>
> *Case remanded to the court below for a decree in accordance with this opinion.*