The City of Ottumwa, Iowa, Appellant, v. Albert Scott.

Municipal corporations: POLICE COURTS: JURISDICTION: STATUTES. Police courts, in cities having no superior courts, have jurisdiction of a civil action to recover a tax which has not been paid, in violation of an ordinance requiring certain citizens to perform labor upon the streets, or to pay a stated sum in lieu thereof.

*Appeal from Wapello District Court.*—Hon. Frank W. Eichelberger, Judge.

Tuesday, February 11, 1913.

Action to recover poll tax was begun in the police court of the city of Ottumwa. The defendant moved that the cause be dismissed, for that the court was without jurisdiction. The motion was sustained, and, on writ of error being sued out to the district court, the ruling was affirmed. The city of Ottumwa appeals.—*Reversed.*

*W. D. Tisdale,* for appellant.

No appearance for appellee.

Ladd, J.—The city of Ottumwa enacted an ordinance, in pursuance of sections 891 and 892 of the Code, requiring every able-bodied resident of the city between twenty-one and forty-five years of age to perform two days' labor upon the streets, on three days' notice in writing, or to pay, in lieu thereof, the sum of $1.50 for each of such day's labor, and that upon failure to pay within a specified time recovery might be had in the police court of the city. The petition alleged facts entitling the city to recover $3 unpaid poll tax

from defendant, unless the police court was without juris-
diction to entertain the suit. To determine this question the
statutes bearing thereon must be examined. All cities of the
first class, without a superior court, have a police court. Sec-
tion 688 of the Code declares that it ''shall always be open for
the dispatch of business. It shall have, in all criminal cases,
the powers and jurisdiction of justices of the peace and the
jurisdiction of a mayor's court in the case of a violation of
a city ordinance.'' Section 691 reads in part: ''The mayor
shall have exclusive jurisdiction of all actions or prosecutions
for violations of the city or town ordinances. He shall also
have, in criminal matters, the jurisdiction of a justice of the
peace, coextensive with the county, and, in civil cases, the
same jurisdiction within the city or town as a justice of the
peace has within the township. None of the jurisdiction
referred to in this section shall be exercised by the mayors in
cities having a superior or police court.''

Section 692 provides that ''the proceedings before a
mayor or a police court shall be, as far as applicable, in
accordance with the law regulating similar proceedings before
a justice of the peace, unless otherwise provided; but there
shall be no change of venue in actions or prosecutions under
ordinances, and the trial shall be by the court without a jury,
except on appeal; appeals and writs of error shall be taken
from the mayor or the police court in the same time and man-
ner, and subject to the same restrictions.'' Section 892 of the
Code Supplement provides that, ''in case of failure to pay
said sum of money in lieu of said labor, together with such
forfeit, to the supervisor of highways, street commissioner or
other officer of said corporation authorized to receive the same
within ten days from the expiration of the time fixed for the
performance of such labor, said corporation may recover the
same by action brought in the name of such city or town
before the mayor of said corporation, or before any justice of
the peace in the proper township.''

The section previously quoted confers jurisdiction of the

mayor's court on the police court, if the action may be said to be based on a violation of an ordinance of the city. The exaction of the poll tax was authorized by section 891 of the Code Supplement, which declares, in part, that "any city or town shall have power to provide that all able-bodied male residents of the corporation between the ages of twenty-one and forty-five years, between the first day of January and the first day of November of each year, either by themselves or satisfactory substitute, shall perform two days' labor of eight hours each upon the streets, avenues, alleys, highways or public grounds within such corporaton, at such times and places as the proper officer may direct, upon three days' notice in writing given, or pay in lieu thereof in money a sum to be fixed by such council, not exceeding one and one-half dollars for each of such day's labor. For each day's failure to attend and perform the labor, or pay said sum of money, as required, at the time and place specified, unless excused by the supervisor of highways or street commissioner, the delinquent shall forfeit and pay the sum of two dollars, not exceeding four dollars in all."

Matters relating to exceptions are not involved, and need not be set out. Only upon the enactment of an ordinance so providing then may residents of the city, as described, be required to perform labor, or pay in lieu thereof; and if such residents fail to comply therewith this constitutes a violation of the ordinance. An ordinance, and not the statute, required the labor to be performed or the money paid, and if neither was done it was violated; and by the language of the statute jurisdiction of actions for the violation of ordinances is conferred on the police court in cities like Ottumwa, having no superior court. No distinction is drawn between causes of a criminal nature and civil actions. Indeed, the language of section 691 of the Code, in including "actions" as well as "prosecutions" for violations of ordinances, plainly contemplates both civil and criminal actions, as does the similar use of these words in section 692 of the Code; and section 688

is quite as broad in conferring on the police court the jurisdiction of the mayor in the matter of violations of ordinances. See *City of Lansing v. Railway*, 85 Iowa, 215.

The manifest design of the statutes is to give the police court precisely the same jurisdiction with respect to the violation of city ordinances as is conferred on mayors of cities and towns; and, as recovery for violation of an ordinance exacting the payment of a poll tax is authorized before such mayor by section 892 of the Code Supplement, the action therefore may also be maintained in the police courts of cities of the first class. That section 680 of the Code limited municipalities to the imposition of fines and imprisonment for the enforcement of obedience to ordinances did not obviate power subsequently being conferred by the Legislature to enforce such obedience by civil action, as was done by section 892 of the Code Supplement.

We are of opinion that the police court had jurisdiction of the cause of action, and the court erred in holding otherwise.—*Reversed.*