C. W. HARVEY et al., plaintiffs, v. HONORABLE STANLEY E. PRALL, Judge of the District Court of Dallas County, and the DISTRICT COURT of the STATE OF IOWA in and for DALLAS COUNTY, defendants.

No. 49727.

(Reported in 97 N.W.2d 306)

JUNE 9, 1959.

REHEARING DENIED JULY 24, 1959.

Edward M. Spellman and Joy & Wifvat, all of Perry, for plaintiffs.

Harry F. Kastrup, of Perry, and Russell Jordan, of Des Moines, for defendants.

GARFIELD, J.—This is an action of certiorari in this court to review a judgment of the Dallas County District Court punishing plaintiffs Harvey and Thogmartin for contempt in violating its decrees enjoining them from hauling garbage, rubbish or trash in the city of Perry.

Plaintiffs' sole contention is that the district court had no jurisdiction to enter the decrees or the judgment punishing them for contempt in violating the same by reason of section 367.4, Codes, 1954, 1958, which provides: "In cities having a * * * police court, such court shall have exclusive jurisdiction of all actions or prosecutions for violation of city ordinances."

It seems to be agreed the city of Perry has a police court which plaintiffs assert has exclusive jurisdiction under 367.4 of any action that may be taken against them.

It is true the equity suits against these plaintiffs in which the decrees were rendered were based at least in part upon plaintiffs' violation of an ordinance of the city of Perry, plaintiff in the suit, regulating the storage, collection and disposal of garbage and other refuse. The ordinance (346), approved January 13, 1958, is a comprehensive one containing 18 sections. One provides it is optional with the city whether it (a) collects garbage and rubbish with its own equipment and employees, (b) makes a contract with a person to collect garbage and rubbish, or (c) issues a permit to a person to do so.

Some other provisions of the ordinance are that garbage cans shall be kept covered, garbage accumulating from dwellings shall be first wrapped in paper, no one shall deposit waste materials anywhere except upon the city dump, all garbage must be transported in covered vehicles or containers, no one shall collect garbage except his own unless authorized by contract or permit, anyone convicted of violating any provision of the ordinance shall be subject to imprisonment not exceeding 30 days or a fine not exceeding $100.

The city chose optional method (b) above referred to and on June 24, 1958, made a written contract with one I. M. Fitzsimmons under which he was to collect and dispose of garbage within the city for five years from July 1, 1958, the city would issue no permit for such service to anyone else, will guarantee to Fitzsimmons his exclusive right to perform such service during the five years and will at its expense by injunction and such other legal remedies as may be necessary protect his rights under the contract from interference or infringement by any other person. Fitzsimmons agrees to: make garbage collections from residences twice a week and commercial establishments daily, purchase and maintain in good condition two new Leach Packmaster garbage trucks, charge $1.50 a month to each family and file with the city clerk a performance bond of $10,000.

Both Ordinance 346 and the contract with Fitzsimmons contain several other important provisions it is unnecessary to mention. No question as to the validity of the ordinance or contract is raised here.

July 10, 1958, the city filed petitions in equity against plaintiffs Harvey and Thogmartin respectively, alleging passage of the ordinance, the contract with Fitzsimmons, the permits of plaintiffs here to haul garbage in Perry expired January 1, 1958, but they have continued to do so and have thus interfered with the exclusive rights granted Fitzsimmons by the contract. The petitions asked that plaintiffs here be enjoined from hauling and disposing of garbage, refuse and trash within the city.

Plaintiffs here (defendants in the injunction suits) raised

various questions as to the validity of the ordinance and contract which need not be set out here. The two equity suits were consolidated for trial. The court found Ordinance 346 and the contract were in all respects legal, enjoined Harvey and Thogmartin from hauling or disposing of garbage, rubbish or trash within the city, but denied the city's claim for money damages. The decrees were filed November 10, 1958. Writs of injunction, pursuant to the decrees, were forthwith served upon present plaintiffs.

November 18, 1958, affidavits by the city attorney and another were filed claiming these plaintiffs willfully refused to obey the decrees. They were forthwith served with notice (rule) to show cause why they should not be punished for contempt. Hearing was had January 13, 1959, before the judge who tried the equity suits. It was clearly shown these plaintiffs continued to haul garbage in Perry in defiance of the decrees. Indeed they apparently hauled garbage throughout 1958 except for about 11 days in July when temporary injunctions against their doing so were in force.

The court found plaintiffs were in contempt for violation of the decrees and sentenced each to 30 days in jail and to pay a fine of $300. For failure to pay the fine each was to be confined an additional 60 days. The proceedings seem to have been in strict compliance with the requirements of Chapter 665, Codes 1954, 1958. January 19 we granted a writ of certiorari to review this judgment of January 13 and ordered the proceedings in the district court stayed and plaintiffs released from jail pending the outcome of this review.

 I. It is doubtless true that if, as plaintiffs assert, the district court was without jurisdiction to enter the equity decrees, it was likewise without jurisdiction to punish plaintiffs for contempt in violating them. Want of jurisdiction may be interposed against an adjudication it is sought to enforce. Kline v. Kline, 57 Iowa 386, 389, 10 N.W. 825, 42 Am. Rep. 47; City of Lansing v. Chicago, M. & St. P. Ry. Co., 85 Iowa 215, 218, 52 N.W. 195; Lynch v. Uhlenhopp, 248 Iowa 68, 79, 78 N.W.2d 491, 498 ("Contempt cannot be predicated upon an alleged violation of a void decree."). (Citing several cases.)

17 C.J.S., Contempt, section 14, states: "Disobedience of

a * * * decree * * * issued by a court without jurisdiction is not a contempt; * * *."

It is equally clear that if the district court had jurisdiction to enter the equity decrees it also had jurisdiction to punish plaintiffs for contempt in the violation thereof and, in view of the sole contention these plaintiffs now make, the writ of certiorari must be annulled. Rule 330, Rules of Civil Procedure; Battani v. Grund, 244 Iowa 623, 626–630, 56 N.W.2d 166, 169–171, and citations; Critelli v. Tidrick, 244 Iowa 462, 467–470, 56 N.W.2d 159, 163–164, and citations; 17 C. J. S., Contempt, section 14, page 21.

Burtch v. Zeuch, 200 Iowa 49, 56, 202 N.W. 542, 544, 39 A. L. R. 1349, 1354, states: "It is elementary that disobedience of an order or process made by a court within its jurisdiction and power is a contempt * * *."

II. It is plain the district court had jurisdiction of the equity suits in which the decrees were rendered unless Code section 367.4, supra, confers exclusive jurisdiction of the subject matter upon the police court of Perry. This is the effect of Code section 604.1 and Article V, section 6, of our state Constitution. Section 604.1 is the successor of statutes which have been in force as early as the Code of 1851. Section 1576 thereof provided: "The several district courts shall exercise general original jurisdiction both civil and criminal, and as well in chancery as at common law, where not otherwise provided by law."

Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings belong. The J. R. Watkins Co. v. Kramer, 250 Iowa 947, 950, 97 N.W.2d 303, 305, and citations.

III. In determining whether the district court was without jurisdiction, by reason of section 367.4, in the equity suits it seems essential to consider the nature of the identical causes of action asserted. Each petition alleges more than one recognized ground for relief in equity.

It has been said the power of courts of equity to issue writs of injunction is inherent, existing irrespective of constitutional or statutory provisions specifically confirming it. New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798, 40 A. L. R. 1136, 1139, cited with approval in State v. Fray, 214 Iowa 53,

56, 241 N.W. 663, 664, 81 A. L. R. 286, and Town of Grundy Center v. Marion, 231 Iowa 425, 431, 1 N.W.2d 677, 680; 28 Am. Jur., Injunctions, section 9; 43 C. J. S., Injunctions, section 12.

Although rule 321, Rules of Civil Procedure, states when a temporary injunction may be allowed, our rules 320 to 330 do not provide the grounds for issuance of a permanent writ. Yet the existence of the power in courts of equity is undoubted and has been repeatedly recognized by our decisions.

█ The equity petitions allege a cause of action which entitled the city to injunctive relief to protect the exclusive rights it granted Fitzsimmons under its contract with him and for damages for the violation thereof by these plaintiffs who held no permits to collect garbage in the city. (They were unsuccessful applicants for the right to collect garbage under Ordinance 346.) As previously stated, the contract obligates the city to protect Fitzsimmons in the enjoyment of his rights thereunder from interference or infringement by any other person.

That the petitions allege a proper case for injunctive relief upon the ground just stated see: White v. Massee, 202 Iowa 1304, 1308, 211 N.W. 839, 66 A. L. R. 1434, 1437; Farmers & Merchants Co-op Tel. Co. v. Boswell Tel. Co., 187 Ind. 371, 119 N.E. 513, 516, 517; New York, N. H. & H. R. Co. v. Deister, 253 Mass. 178, 148 N.E. 590, and citations; Glover v. Malloska, 238 Mich. 216, 213 N.W. 107, 52 A. L. R. 77, 79, and Annotation, 79'; Memphis St. Ry. Co. v. Rapid Transit Co., 133 Tenn. 99, 109, 179 S.W. 635, 638, L. R. A. 1916B 1143, Ann. Cas. 1917C 1045, 1048; 43 C. J. S., Injunctions, section 81.

█ The Tennessee case, last above, quotes this with approval from Pomeroy's Equity Jurisprudence, section 583: "An injunction is the appropriate remedy to protect a party in the enjoyment of an exclusive franchise against continuous encroachments."

█ If it be thought the equity suits for the protection of Fitzsimmons' rights should have been brought by him rather than the city it is sufficient to say this would not go to the jurisdiction of the district court but to the merits of the controversy. The J. R. Watkins Co. v. Kramer, supra, 250 Iowa 947, 950 to 952, 97 N.W.2d 303, 305, 306, and citations.

The conclusion is warranted that Ordinance 346 is regulatory in nature, its primary purpose is to promote the public health and welfare, the penal provision thereof is merely incidental to such purpose, and the city's petitions state a proper case for equitable relief in order to protect the public health and welfare.

Among the powers the state legislature has delegated to municipalities is the power to make ordinances "such as shall seem necessary and proper to * * * preserve the health * * * of * * * the inhabitants thereof." Section 366.1, Codes, 1954, 1958. Cities and towns have power to restrain and prohibit "The deposit and removal of refuse, junk, offensive materials and substances and those engendering offensive odors and sights, so as to protect the public against the same." Section 368.7(3). "They shall have power to provide for the collection and disposal of garbage and refuse * * *." 368.24.

No decision of ours involving the right to injunctive relief in the matter of collecting garbage has come to our attention. However, injunctive relief was granted a town against the storing of junk in violation of an ordinance, notwithstanding the contention it was a penal ordinance only, not enforceable in a court of equity, and the penalty prescribed by the ordinance (imprisonment for not more than 30 days or fine of not over $100) was an adequate legal remedy. Town of Grundy Center v. Marion, supra, 231 Iowa 425, 431, 432, 1 N.W.2d 677, 680, and citations.

The opinion just cited states: "It [ordinance] is regulatory in nature and its primary purpose is to promote the public interest and welfare, the penal provision being incidental to the purpose of the city in passing the ordinance. * * *

" 'Where an injunction is necessary for the protection of public rights, property or welfare, the criminality of the acts complained of does not bar the remedy by injunction.'

"The only effective relief from a nuisance is its abatement and it is too clear to require discussion that a criminal prosecution is not an adequate remedy at law."

Tayloe v. City of Wahpeton, N.D., 62 N.W.2d 31, 38, considers at length and upholds the validity of an ordinance much like this Perry ordinance regulating the deposit and collection

of garbage and authorizing the award of an exclusive license to collect and dispose of it. The opinion quotes this with approval from 2 Dillon on Municipal Corporations, Fifth Ed., section 678: "Garbage matter and refuse are regarded by the decisions as inherently of such a nature as to be either actual or potential nuisances."

This quotation from Dillon is also approved in City of Rochester v. Gutberlett, 211 N. Y. 309, 318, 105 N.E. 548, 550, L. R. A. 1915D 209, Ann. Cas. 1915C 483, 486, in upholding the city's right to enjoin the collection of garbage in violation of an ordinance under which the city had contracted with a single business concern for collection and removal of the garbage.

See also New Orleans v. Liberty Shop, supra, 157 La. 26, 101 So. 798, 40 A. L. R. 1136, and annotation 1145, 1153, which states: "The protection of the public health is also a ground upon which the state may secure injunctions restraining the commission of acts amounting to crimes." To like effect is 43 C. J. S., Injunctions, section 124; McGurren v. City of Fargo, N. D., 66 N.W.2d 207, 212.

The power of equity in a proper case to prevent nuisances is undoubted. As we have indicated, the unregulated accumulation of garbage is or may become a public nuisance. "Garbage * * * may be a nuisance." 66 C. J. S., Nuisances, section 49. A much cited precedent asserts, "All authorities agree in holding that garbage in and of itself is a nuisance." Board of Health v. Vink, 184 Mich. 688, 697, 151 N.W. 672, 675, where an unlicensed person was enjoined from collecting garbage in violation of an ordinance under which the city had contracted with a private concern for the removal of garbage. Pantlind v. Grand Rapids, 210 Mich. 18, 177 N.W. 302, 15 A.L.R. 280, is a similar decision.

Code section 368.3 confers upon cities and towns the power to restrain any nuisance, public or private. Causing garbage to be collected or to remain in any place to the prejudice of others falls within the statutory definition of nuisances. Sections 657.1, 657.2(2).

Where the violation of an ordinance constitutes a nuisance and equitable grounds exist equity may grant relief therefrom, not because the act is a violation of the ordinance,

but because it is a nuisance. Inhabitants of Houlton v. Titcomb, 102 Maine 272, 66 A. 733, 10 L. R. A., N.S., 580, 582, 120 Am. St. Rep. 492; Portage Twp. v. Full Salvation Union, 318 Mich. 693, 29 N.W.2d 297, 302, 303, and citations; 66 C. J. S., Nuisances, section 110e, page 870. See also Town of Grundy Center v. Marion, supra, 231 Iowa 425, 431–435, 1 N.W.2d 677, 680–682.

▮▮▮▮ In connection with the grounds for equitable relief heretofore pointed out, the equity suits were proper in order to prevent a multiplicity of actions at law or criminal prosecutions. Keil v. Wright, 135 Iowa 383, 112 N.W. 633, 13 L. R. A., N.S., 184, 124 Am. St. Rep. 282, 14 Ann. Cas. 549; Creger v. Fenimore, 216 Iowa 273, 276, 249 N.W. 147; Independent School District v. DeWilde, 243 Iowa 685, 693, 53 N.W.2d 256, 261, 262; McGurren v. City of Fargo, supra, N. D., 66 N.W.2d 207, 212; 43 C. J. S., Injunctions, section 24a.

IV. We cannot believe Code section 367.4, quoted at the outset hereof, was intended to, or does, vest exclusive jurisdiction in the police court of such actions as those in which the equity decrees were rendered. Although, as stated, the actions were based in part upon violation by these plaintiffs of Ordinance 346, they are more than "actions or prosecutions for violation of city ordinances" within the meaning of 367.4. They are actions to obtain equitable relief, not based solely on violation of the ordinance.

Of course the equity actions are not "prosecutions." If it were not for the words "actions or" in 367.4, plaintiffs' attack upon the judgments in contempt might be summarily dismissed. We have held the police court had jurisdiction under this statute of a civil action to recover unpaid poll tax of three dollars due under a city ordinance. City of Ottumwa v. Scott, 158 Iowa 385, 139 N.W. 901.

We have also held that by reason of 367.4, in slightly different language, the district court had no jurisdiction of an action to recover $700 in the way of penalty for the violation of a city ordinance. City of Lansing v. Chicago, M. & St. P. Ry. Co., supra, 85 Iowa 215, 52 N.W. 195. This Lansing case is the only authority plaintiffs have cited to us. That opinion disposes of the jurisdictional question without considering the fact the

amount claimed was seven times that for which the mayor had statutory power to render judgment. Unlike the present suit however, it was an action based solely on the violation of an ordinance.

Perhaps it should be stated that what are now sections 367.4 and 367.5 first came into our statutory law as chapter 189, Acts of the Eighteenth General Assembly, in 1880 which provided that the mayors of second-class cities or incorporated towns shall have exclusive jurisdiction of violations of ordinances. The present statutes confer "exclusive jurisdiction of all actions or prosecutions" for such violations on superior, municipal or police court, if there is one, and in other cities and towns upon the mayor.

Acceptance of plaintiffs' contention would result in depriving the city of a right of action upon equitable grounds long established. The police court has no equity jurisdiction. In civil actions its jurisdiction is limited to claims not exceeding $100 except that the parties may consent in writing that it be extended to claims of not over $300. Code sections 367.8, 601.2. It is not required that the judge of the police court be admitted to practice law. 367.14. If he has been admitted he may continue to practice in civil matters. 605.15.

It is not too much to require that legislation having such drastic effect as plaintiffs claim for section 367.4 be stated in language that more clearly expresses such purpose. It has been said a statute will not be construed as taking away a common-law right existing at the date of its enactment unless that result is imperatively required. American District Telegraph Co. v. Kittleson, 8 Cir., Iowa, 179 F.2d 946, 952, 953.

Harlin v. Stevenson, 30 Iowa 371, 376, was an action in equity to subject land to the payment of a judgment against the executor of a decedent's estate. The opinion states:

"Finally, it is claimed that the district court has no jurisdiction of this case, since the probate court is given jurisdiction over it by the statute. We hold, in accord with all the authorities, that the statute does not defeat or oust the general equity jurisdiction of the district court."

Johnson v. Purcell, 225 Iowa 1265, 1267, 1268, 282 N.W. 741, 743, was an equity action to enjoin a layman from practic-

1122

ing law. It was contended this court has exclusive jurisdiction to prevent the unauthorized practice of law. We held:

"We cannot subscribe to this principle. In the first place, the Supreme Court has no original jurisdiction to grant injunctive relief. [Citation] Secondly, the equity suit is not in any way related to the matter of admission to the bar or disbarment of petitioner.

"The gist of the equity suit is irreparable damage to alleged property rights; a civil suit to redress an alleged wrong; subject matter over which the district court most certainly has jurisdiction."

Johnson v. Purcell is cited with approval in Bump v. District Court, 232 Iowa 623, 628, 5 N.W.2d 914, 917.

 We think the many cases holding that constitutional guaranties of the right of trial by jury do not apply to actions cognizable in equity lend some support to our decision here. Such precedents include Gulbenkian v. Gulbenkian, 2d Cir., N. Y., 147 F.2d 173, 158 A. L. R. 990, 996, and citations; North American Insurance Co. v. Yates, 214 Ill. 272, 73 N.E. 423, 428; Barger v. French, 122 Kan. 607, 253 P. 230, 50 A. L. R. 285, 288; Jones v. Peabody, 182 Wash. 148, 45 P.2d 915, 100 A. L. R. 64, 68, 69. See also 50 C. J. S., Juries, section 24; 31 Am. Jur., Jury, section 24; 19 Am. Jur., Equity, section 398 ("The constitutional guaranty of the right of trial by jury does not apply to suits in equity."). See also State ex rel. Kirby v. Henderson, 145 Iowa 657, 663, 664, 124 N.W. 767, Ann. Cas. 1912A 1286.

 We think the district court was not, by reason of section 367.4, without jurisdiction to entertain the equity suits, render the decrees therein or punish plaintiffs for contempt in violating them. Therefore the writ of certiorari is annulled.— Writ annulled.

All JUSTICES concur.