OTTO LARSEN and DESTA LARSEN, Petitioners, v. DISTRICT COURT OF IOWA, in and for MONROE COUNTY, et al., Respondents.

No. 45738.

OCTOBER 14, 1941.

Stanley L. Moody, for petitioners.

John F. Abegglen, for respondents.

OLIVER, J.—This is an original proceeding in certiorari to the district court of Monroe County and two judges thereof, to review certain orders of said court, sitting as a Juvenile Court, and particularly a decree adjudging petitioners guilty of contempt. Petitioners, Otto Larsen and Desta Larsen, husband and wife, are residents of Omaha, Nebraska. Charles B. Saner and Ethel Saner, husband and wife, live in Monroe County, Iowa. Mrs. Larsen and Mrs. Saner are sisters. The Saners are the parents of six children, the custody of one of whom, William Saner, was the original subject of the proceedings under review.

In January, 1938, proceedings were instituted in said juvenile court, which resulted in a finding that said children were dependent and neglected, and an order was made fixing their temporary custody. In March, 1938, by a modification of the order, the temporary custody of William Saner, then about seven months of age, was granted to the Larsens "until further order of this court."

In July, 1939, without notice to the Larsens, a hearing was had upon an application of the Saners that the custody of William Saner be returned to his parents. The court found and ordered " 'that William Saner should be returned to his parents on November 1, 1939.' "

In March, 1940, the Larsens, who still retained the child in their possession, filed application for the modification of the July, 1939, order, setting out the failure to give them notice of the hearing, and alleging no sufficient hearing was had and that the interests of the child would be best served by continuing him in their custody and control. They prayed that said July, 1939, order be cancelled and annulled and for an order providing that the custody and control of William remain in them, subject to further orders of court. Trial was had upon the issues made by this application and the resistance of the Saners. The Larsens and the Saners appeared in person and by their respective attorneys, and the original plaintiff in the juvenile proceedings in person and by the county attorney. Evidence was introduced. On October 30, 1940, the court ordered and decreed that the application of the Larsens "be and the same is hereby denied and the same is hereby dismissed"—and that the prior order of July, 1939, "stand without modification or change."

The Larsens did not produce the child at the trial in 1940. Nor did they subsequently return him to the Saners. In June, 1941, they were brought before the court upon a citation for contempt of court in refusing to comply with the order of July, 1939, and the order of October, 1940, commanding that the child be returned to his parents. Their answer assailed the validity of each of the two orders in question, a hearing was had, the Larsens were adjudged to be in contempt of court for failure to return William Saner to his parents and were ordered committed

to jail until they return said child to his parents. The Larsens seek review in this court by certiorari.

Although the briefs of the parties refer to other propositions, the case turns upon a single issue: Did the district court act illegally or in excess of its jurisdiction in adjudging petitioners guilty of contempt? The answer to that question in turn depends upon whether petitioners' failure to return the child to his parents was a refusal to comply with a valid order, or orders of the court. That they refused to return the child is undisputed. That both the order of July, 1939, and the order of October, 1940, required them to do this is equally clear.

There remains only the narrow question: Were the orders with which petitioners refused to comply, or either of said orders, valid? Petitioners assert the order of July, 1939, was void because made without notice to them and in violation of their legal rights and the due process clauses of the state and federal constitutions. However, the validity of this order need not be determined or considered in view of the conclusion hereinafter reached concerning the subsequent decree and order made in October, 1940. The latter order was made after a trial upon the merits in which petitioners and other parties in interest appeared and participated. In 1938, the court had granted the temporary custody of the child to the Larsens. The 1940 decree terminated the Larsens' temporary custody and they were ordered to return the child to the parents. The Larsens had their day in court. Whether or not the court decided the case correctly upon the merits may not be considered in this proceeding. The court had jurisdiction of the parties and the subject matter and the decree and order were valid.

Petitioners challenge the validity of the October, 1940, decree because of that portion which recites that the order of July, 1939, ''stand without modification or change.'' This assault upon the form of that decree is without merit. Assuming, without deciding, that the July, 1939, order was void for lack of notice, the court had the power to incorporate the language of said order into the subsequent order by reference or otherwise. In any event such procedure would constitute no more than a mere irregularity, which would not invalidate the latter decree. Moreover, the October, 1940, decree also specifically adjudged that

the application of the Larsens, which in part prayed that they be permitted to retain custody of the child, be denied and dismissed.

Our conclusion that the decree and order of October, 1940, was valid is determinative of this case. The court did not act illegally or in excess of its jurisdiction in finding petitioners guilty of contempt for refusing to comply therewith. Wherefore, the writ is annulled.—Writ annulled.

MILLER, C. J., and HALE, STIGER, GARFIELD, BLISS, and SAGER, JJ., concur.

WENNERSTRUM, J., takes no part.