Marjorie Ann Jensen, appellant, v. Dale B. Jensen, appellee.

No. 52098.

(Reported in 147 N.W.2d 612)

372

JANUARY 10, 1967.

REHEARING DENIED APRIL 3, 1967.

William Strong, of Beverly Hills, California, and Robinson & Robinson, of Des Moines, for appellant.

Smith & Hanson, of Emmetsburg, for appellee.

SNELL, J.—This appeal seeks reversal of a decree of marriage annulment, property settlement, child custody and injunctive relief. Plaintiff's improprieties throughout, her disregard for the orders of the court whose jurisdiction she invoked, and her claims not supported by a proper record make a de novo review difficult. We have as a matter of grace reviewed the chronology of events that are clearly established.

Plaintiff and defendant were married in California on August 5, 1962. They are the parents of a daughter, Sandra Denice Jensen, born in Iowa on September 9, 1963. Plaintiff is the mother of five other minor children by a prior marriage. Following their marriage plaintiff and defendant lived in Iowa.

They were the contract purchasers of and lived on a farm in Palo Alto County, Iowa. Each contributed to the accumulated equity therein. The unpaid amount of the purchase price is substantial. Plaintiff owns property in California.

On April 27, 1965, plaintiff filed in the district court of Palo Alto County, Iowa, her verified petition alleging the residence of the parties to be Palo Alto County, Iowa. She sought a divorce from defendant, custody of and support for the child, property division, attorney fees, a restraining order against interference and general equitable relief.

Defendant first filed answer and later a substituted answer and cross-petition for annulment. Defendant acknowledged participation in the formalities of a marriage ceremony but alleged that at the time of the marriage plaintiff was mentally ill and incapable of contracting a marriage and that the condition continued and still existed. He sought custody of his child and determination of property rights.

On September 25, 1965, plaintiff filed answer to the cross-petition and on September 29, 1965, an amendment to her answer. The issues between the parties were clearly drawn and there was no question as to the jurisdiction of the court over the parties and the subject matter.

On October 8, 1965, defendant filed application for examination of the mental condition of plaintiff pursuant to rule 132, Rules of Civil Procedure. The court by order fixed a time and place of hearing thereon and prescribed notice to plaintiff's then acting two firms of attorneys. Notice was given. On October 15, 1965, at the time and place fixed for hearing the court by order found that plaintiff's mental condition was directly in issue and directed an examination. The order specified the scope, time, place and manner of the examination and named the examiner. Notice was given. Plaintiff did not appear for examination.

In the meantime, the date not appearing, plaintiff had left Iowa with the child and was in California. She filed a complaint in Superior Court of Los Angeles naming herself as plaintiff and this defendant as defendant. She sought annulment of her marriage, custody of the child and other relief including a money

judgment against defendant. What notice, if any, was given defendant does not appear.

On October 16, 1965, defendant filed an application herein in two divisions. The first division set forth plaintiff's failure to appear for examination, asked that she be found to be in default, that her mental condition be taken as established according to the claim of defendant and that decree be entered against plaintiff. The second division set forth in considerable detail defendant's complaint. It alleged the status of the parties and the litigation in Iowa, that the action in California was for the purpose of harassing defendant and that plaintiff was proceeding in bad faith. It asked that plaintiff be enjoined from proceeding with the action in California and that she be ordered to return the child to Iowa.

On November 3, 1965, the court granted a temporary injunction against plaintiff from proceeding in California and fixed a time and place of hearing in Iowa on defendant's prayer for permanent relief. The order provided for notice to plaintiff and her attorneys. Notice was given as ordered.

On November 23, 1965, at the time and place prescribed plaintiff and defendant appeared by their respective counsel. Plaintiff was not present in person. Plaintiff's counsel moved for a continuance because of the weather in California. He said he was informed that plaintiff was then talking to her California attorney and that she would submit to a psychiatric examination. It later appeared that she meant in California. The continuance was resisted and overruled. Thereupon, defendant asked that plaintiff be adjudged in default in connection with the order for mental examination; that her mental incompetence be considered as established for the purpose of this case; that she not be permitted to oppose defendant's allegations; and that the temporary injunction be made permanent. Plaintiff's counsel resisted because of plaintiff's inconvenience, she being in California and there being no showing to support defendant's position. Argument of counsel was not reported but apparently some progress was made toward settlement of some of the issues. There was a stipulation to which plaintiff's counsel agreed contingent upon approval by plaintiff on or before November 26, 1965.

Further proceedings were not reported but on November 27, 1965, there was filed an "Order granting a permanent injunction and declaring the plaintiff to be in default." On December 6, 1965, there was filed a decree dated November 30, 1965. The decree is extensive and complete in its findings. We quote excerpts therefrom:

"Now, to-wit, on this 30th day of November, 1965, it being during the regular November 1965 term of this court, this cause coming on for final hearing pursuant to previous assignment by the court, with plaintiff appearing by her Attorneys Cornwall, Cornwall & Avery, Spencer, Iowa, and with defendant appearing by his Attorneys Smith and Hanson, Emmetsburg, Iowa.

"This cause then proceeded to trial with both parties offering evidence and with plaintiff's counsel having cross-examined defendant's witnesses, the court, after hearing all of the evidence, examining the case file, and after hearing arguments of counsel for both parties at the close of the evidence, and being fully advised in the premises finds, * * * that plaintiff filed answer to said cross-petition; and both parties have participated in the taking of discovery depositions. * * *

"The court further finds that the parties stipulated and agreed in open court concerning property rights * * *."

The court found that plaintiff was not a proper person to have the care, custody and control of the child and that defendant was a proper person. The decree provided in detail for a property settlement. It provided, among other things, that plaintiff should have household goods, $18,500 in cash or a warehouse receipt for beans and $16,500 in cash, and property in California. The property awarded defendant was set out. The decretal part annulled the marriage, awarded custody of the child to defendant, divided the property, confirmed the injunction, provided for costs and restored plaintiff's former name.

The files show that plaintiff has accepted payment of the money and delivery of the items awarded her. After accepting these benefits plaintiff gave notice of appeal.

As stated above the evidence in support of the court's findings and decree was apparently not reported. We have, however, been furnished with a reporter's transcript of the November 23

hearing, a complete copy of the court files, and a copy of a partial hearing before the mental health commissioners. During submission we were handed, without objection, what is denominated "Second Supplemental Abstract of the Record." This is a statement of facts by the attorney who represented plaintiff in the trial court.

A complaint alleging mental illness of plaintiff was filed with the commissioners of hospitalization on March 10, 1965. On March 11 orders were made appointing an attorney to represent plaintiff and a physician to examine her. A partial hearing was held March 11 but was not completed. The physician's report, completed, but not signed, shows a finding of mental illness.

Counsel's statement contained in the document handed to us during argument outlined the history of the proceedings and then says:

"On the 30th day of November, 1965, the case came on for trial before Judge Stillman in Emmetsburg, Palo Alto County, Iowa District Court. I was on the phone most of the day with Mrs. Jensen and Mr. Strong regarding the property settlement and finally we agreed upon a figure which Mrs. Jensen accepted over the telephone and which Mr. Strong also accepted. The testimony was sketchy and is stated below as I recall the substance of it. The testimony below is testimony brought out on both direct examination and cross-examination.

"The cause proceeded to trial * * *."

He then outlined his recollection of testimony given by four witnesses testifying for plaintiff.

"Mrs. Jensen's deposition was then entered into evidence as testimony on her behalf. Mr. Jensen then entered rebuttal testimony denying any allegations Mrs. Jensen made against him which weren't admitted or denied in his deposition. The court then made its ruling awarding custody to Mr. Jensen, the property settlement being settled and the annulment being granted to Mr. Jensen prior to the hearing on the custody issue, the only issue tried on November 30 was the issue of custody of the child * * *."

The Mr. Strong mentioned in the statement is plaintiff's California attorney.

This is an unsatisfactory way to present a case for de novo review by an appellate court but we have as a matter of grace considered everything presented to us. It appears without doubt that both parties were represented by counsel; the hearing was not a routine default presentation; plaintiff's counsel was in consultation with plaintiff throughout; testimony was introduced by both parties with direct and cross-examination of witnesses; the property settlement was agreed to and the real controverted issue was child custody. If plaintiff wanted a more complete factual review of the evidence the record in the trial court should have been preserved. That is what court reporters are for. Apparently no appeal was then contemplated.

I. Plaintiff-appellant's procedure, directed from California, presents issues not raised below and does not comply with our rules. Our consideration is not to be considered as a precedent for waiver of compliance.

The appeal was from "the decree and judgment * * * entered December 6, 1965."

The order granting a permanent injunction and declaring the plaintiff to be in default was filed November 27, 1965. Appellant attacks this as a final order cutting off her rights and appellee argues that there is no appeal therefrom. We have considered this order as inhering in the final decree and the notice of appeal sufficient.

II. Plaintiff in her verified petition invoked the jurisdiction of the Iowa court; said she and defendant were residents of Iowa; their home was in Iowa; the child was in Iowa; the property involved was in Iowa and the relief sought was from an Iowa court. Jurisdiction of the Iowa court to proceed to final determination of the issues was not defeated by plaintiff's removal of herself and the child to California. A court having obtained complete jurisdiction retains it until final disposition of the cause. 21 C. J. S., Courts, sections 93 and 94.

III. The issues tendered by the pleadings involved plaintiff's mental condition. Rule 132, Rules of Civil Procedure, provides:

"Physical or mental examination. The court may, in its discretion, proceeding as in rule 129, order a physician to examine

as to any physical or mental condition of a party which is in controversy in the action. The order shall specify the scope, time, place and manner of the examination and name the examiner. The party examined may have any representative present throughout any such examination."

The procedure outlined in rule 129 says:

"(b) The court shall fix the time and place for hearing on the application, and prescribe the manner and form of giving notice to the party from whom production is asked, or to his attorney of record."

This procedure was followed and examination was ordered. Plaintiff did not comply.

Rule 230, Rules of Civil Procedure, provides that a party shall be in default whenever he fails to comply with any order of court. Rule 134(b)(2), Rules of Civil Procedure, provides:

"* * * If any party * * * refuses to obey an order * * * made under rules 132 and 133 requiring him to submit to a physical or mental examination, the court may make such orders in regard to the refusal as are just, and among others the following:

"An order that the matters regarding * * * the physical or mental condition of the party, * * * shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"An order refusing to allow the disobedient party to support or oppose designated claims or defenses, * * * or from introducing evidence of physical or mental condition * * *."

The procedures in the trial court, the entry of default and the establishment of facts for the purpose of the action were pursuant to the rules.

The strictness of the rules was not enforced. The findings thereunder were supplemented by oral testimony and deposition. The court heard witnesses, permitted direct and cross-examination and gave plaintiff and her counsel every opportunity to be heard.

Appellant's claim that the court proceeded ex parte or based the final judgment on a default is without merit.

■ IV. Plaintiff argues that all jurisdictions in which discovery procedures are in effect provide a locus poenitentiae even for a litigant who has willfully failed to submit to discovery and that no such place of repentance was afforded plaintiff. It is argued that she was found insane by default. The claim is without support in the record.

There was no denial of due process. Plaintiff invoked the jurisdiction of the court where she lived. Issues were joined. She has been represented throughout. We know of no law that holds that there is lack of due process because she later claimed another jurisdiction had become more convenient.

■ V. Section 598.19, Code of Iowa, provides that a marriage may be annulled "where either party was mentally ill * * * at the time of the marriage." An Iowa court where the parties lived annulled the marriage. In argument plaintiff's counsel says the law of annulment in Iowa is similar to that of California. It is then claimed that the law of California must govern the validity of the marriage performed in California. This argument proceeds from a faulty premise. We are not dealing with the legal formalities required for a valid marriage contract. There is no claim that the formalities required by the law of California were not observed. What we do have is the question of mental capacity to enter into a contract. The mental capacity of the parties to enter into a formal marriage can be determined in the court where the parties lived and whose jurisdiction was invoked and never challenged below.

Plaintiff clearly wants relief from her marriage vows. She started action for divorce in Iowa. When faced with issues here she went to California and started action for annulment there. We know of no law permitting plaintiff to thus change forums to suit her changing convenience.

VI. Plaintiff was awarded substantial benefits by the Iowa court. This was pursuant to a stipulation to which she and her California counsel agreed. She has accepted and receipted therefor. She retains the benefits but seeks avoidance of other matters incident to her Iowa litigation.

■ Plaintiff having accepted the financial benefits incident to the decree may not now raise questions of property settlement

or alimony. Jackson v. Jackson, 248 Iowa 1365, 1376, 85 N.W.2d 590; Kelly, Shuttleworth & McManus v. Central National Bank & Trust Company of Des Moines, 217 Iowa 725, 740, 248 N.W. 9; Storke v. Storke, 132 Cal. 349, 64 P. 578.

■ VII. There was evidence before the trial court and the court found defendant to be a proper person to have custody of the child and that plaintiff was not a proper person to have custody.

In equity cases we give weight to the fact findings of the trial court but are not bound by them. Rule 344(f)(7), Rules of Civil Procedure.

In the case before us there was evidence showing defendant's stability and plaintiff's instability. We find nothing to refute the court's findings of fact. Giving to the court's findings and conclusions the weight to which they are entitled we must affirm.

■ ■ VIII. The judgment and decree of the trial court determined the rights of the parties as of that time. It is final except as it may relate to the future of the minor child. As to the custody of the child subsequent changes may always be made when a change in circumstances renders a change expedient. Section 598.14, Code of Iowa. "The District Court is always open to hear and determine custodial questions, if welfare of children involved demands such consideration." Jackson v. Jackson, supra, loc. cit. 1376.

The cost of printing appellant's brief and argument exceeds the amount permitted by our rules. As costs will be taxed to appellant no order as to excess costs is necessary.

The case is—Affirmed.

GARFIELD, C. J., and LARSON, THORNTON and MOORE, JJ., concur.

BECKER, STUART, MASON and RAWLINGS, JJ., dissent.

BECKER, J.—I respectfully dissent from Divisions VII and VIII of the majority opinion. It seems inconceivable that a case of this magnitude was heard without a court reporter to make a record of the evidence. It is equally strange that this court should note that omission and withhold adverse comment. Be

that as it may, I can agree that plaintiff's failure to require a record, plus her acceptance of the benefit of the decree, effectively precludes her successful attack on the judgment of the trial court insofar as it affects her alone.

Divisions VII and VIII deal with custody of the minor child. The de novo appeal in this regard goes beyond the rights of the adult litigants. We are expected to decide anew this vital issue re the welfare of the minor on a silent record. This should not be done.

At the very least this case should be returned to the trial court with instructions to conduct a hearing to determine the right to custody of Sandra based on the welfare and best interest of the child. Needless as it may appear to be, the order should include instructions to make a record of the evidence produced at such a hearing. Only thus can the judgments of the trial court, and of this court, merit the respect to which they should. be entitled.

. The majority mentions the continuing jurisdiction to change the custodial arrangement *when a change of circumstances renders a change expedient.* What does this mean when there is no record of the evidence on which the decision was based in the first instance?

More important, we are awarding custody in a contested matter with absolutely no knowledge of the factual situation involved. This places us in an untenable position. Further, it will place the California courts in an equally untenable position when they are faced, as they almost surely will be, with the problem of full faith and credit. These custodial problems are too important to be handled in such summary fashion.

The child here is entitled to our solicitous concern—to our decision based on reasonably accurate information. This court and any court faced with a decision by this court are both entitled to all the tools of their profession. This includes a reasonable record showing the factual evidence in the case.

I would remand for further proceedings, including a record.

STUART, MASON and RAWLINGS, JJ., join in this dissent.