**Caleb E. HARGIS, Dick Vanderwilt, and Paul D. Rice, Plaintiffs,**

**v.**

**Harold J. FLECK, District Judge, Defendant.**

**No. 52850.**

Supreme Court of Iowa.

March 5, 1968.

McGrane & Haugen, Des Moines, Life, Davis & Life, Oskaloosa, and Vincent E. Johnson, Montezuma, for plaintiffs.

Heslinga & Heslinga, Oskaloosa, for defendant.

GARFIELD, Chief Justice.

We granted a writ of certiorari under rules 306–319, Rules of Civil Procedure, to review an order of defendant judge of the district court of Mahaska County to punish the three plaintiffs for contempt in refusing to comply with a writ of mandamus to enforce orders of the county superintendent of schools and state board of public instruction that elementary schools at Barnes City and Lacey be closed. Plaintiffs are three of the five members of the board of directors of North Mahaska Community School District.

Defendant judge acted under chapter 665, Code 1966 in making the order. Section 665.11 provides: "No appeal lies from an order to punish for a contempt, but the proceedings may, in proper cases, be taken to a higher court for revision by certiorari."

I. Controversy arose over action of a majority of the school board on July 18, 1966 that elementary students should attend the schools in Lacey and Barnes City. Persons claiming to be aggrieved by the board's decision appealed therefrom to the county superintendent of schools who, on August 8 (1966), reversed it and ordered the students to attend the school at New Sharon in the same district, rather than at Lacey and Barnes City.

The persons who opposed the board's decision of July 18 brought action in mandamus to compel it to carry out the reversing order of the county superintendent. Evidence was taken in this action on September 1 and the court's decision was filed September 6, holding the action was brought prematurely because the 30 days for appeal to the state board of public instruction from the order of the county su-

perintendent would not expire before September 7 and, since a complete record had been made and in the interests of justice, the court on its own motion continued the case until after September 7.

The same day this decision was filed plaintiffs in the action filed an application for supplemental order providing that a final decision be withheld until the appeal of the present plaintiffs to the state board (taken after evidence was heard in the mandamus action) is decided and the local school board acts in relation thereto.

Ten days later the present plaintiffs (defendants in the mandamus action) also filed application for supplemental order stating their appeal to the state department from the county superintendent's order had been completed and set for hearing September 28, no reason remains for the mandamus action to continue and it should be dismissed.

Plaintiffs in the mandamus action made the next move. They filed application for supplemental hearing and order on November 2 (1966) reciting that the appeal to the state department had resulted in affirmance of the county superintendent's order of August 8; defendants continue to maintain the Barnes City and Lacey schools in violation of the orders of both the county superintendent and state department; the cause should be set for final hearing and defendants (in mandamus) be ordered to obey these two orders. On the day set for hearing of this application defendants (plaintiffs here) moved to dismiss it on various grounds.

The court, acting through defendant judge, heard arguments on the various applications and defendant's motion to dismiss the one last filed, considered the evidence, reviewed the briefs and found defendants (plaintiffs here) had not complied with the order of the county superintendent, affirmed by the state department. The court held (November 22nd) it had jurisdiction of the parties and subject matter, the decision of the state board was final (Code section 290.5) and the order of the county superintendent should be enforced. It sustained the application filed September 6 of plaintiffs in the mandamus action, overruled the motion of defendants to dismiss the application filed after the state board's decision was made and ordered a writ of mandamus to issue forthwith.

The writ so issued and provided defendants were under a legal duty to follow and obey the order of August 8 of the county superintendent requiring the elementary schools at Barnes City and Lacey to be closed and "you have refused to close (them).

"Now, therefore, you are commanded that upon receipt of this order you will do those things necessary to follow and obey the said order and decision of the county superintendent and will forthwith close the elementary (schools) at Barnes City and Lacey and will accomplish this before Monday, December 5, 1966."

It is the claimed disobedience to this writ for which plaintiffs here were held in contempt and ordered to be punished.

The writ was served November 22nd and 23rd. Time for compliance was later extended to January 2, 1967. Plaintiffs here appealed to us from the court's final order of November 22nd but we dismissed the appeal July 10, 1967 for want of prosecution.

In the meantime, on January 26, 1967, the order of November 22 not having been effectively stayed, a plaintiff in the mandamus action filed affidavit that the school board decided on January 23 not to abide such order and the writ of mandamus, plaintiffs here continue to refuse to obey them and should be served with a rule to show cause why they should not be punished for contempt. The rule issued and plaintiffs filed a long written explanation of the action of the school board, largely defending its original decision that elementary students attend school at Lacey and Barnes City and the lack of wisdom

of the reversing order of the county superintendent.

·The above explanation says in part: "the undersigned wish the record to show they reluctantly relinquish their responsibility to the elementary students in the district in favor of the orders of the county superintendent, the state board and the district court of Mahaska County."

On January 28 plaintiffs here were found in contempt and ordered to be imprisoned in the county jail until such time as they obey the writ of mandamus and pursuant thereto close the elementary schools at Barnes City and Lacey and cause the students to attend the school at New Sharon, commitment to commence February 13 if the required acts are not sooner performed. This time limit was later extended to February 15.

On March 7 Mr. Heslinga, attorney for plaintiffs in the mandamus action, filed affidavit that these three plaintiffs were again in contempt for failure to comply with the writ of mandamus. Once again plaintiffs here were ordered to show cause why they should not be punished for contempt. Hearing was had on March 15 and 16 in which plaintiffs here contended they had purged themselves of contempt. The court held against this contention, that they still remained in contempt and the order and previous warrant of commitment to jail should be enforced unless plaintiffs join in action of other board members in closing the Lacey and Barnes City schools and moving the desks and teaching equipment there to the school at New Sharon.

On April 5 (1967) the court found these plaintiffs had complied with the last order of March 17 by board action and by causing the desks and teaching equipment to be moved to the New Sharon school, quashed the previous warrant of commitment and held plaintiffs had purged themselves of contempt.

Regrettably the controversy flared anew when a majority of the school board on July 6 passed a motion providing for use of the Barnes City and Lacey schools for elementary pupils for the 1967–68 school year and ordering the school buildings there prepared for such use. Plaintiffs voted for the motion. The matter again came to the attention of the court with the filing of another affidavit by Mr. Heslinga on August 8, setting out the facts just stated and others herein summarized and suggesting that another rule be served upon plaintiffs to show cause why they should not be punished for contempt. Once again such a rule was issued and served.

Hearing pursuant to the rule was held August 15–18. Plaintiffs Hargis and Vanderwilt filed written explanation of their conduct. Rice did not appear. The written explanation of Hargis and Vanderwilt, in effect, repeats several of the statements in the explanation filed in January, previously referred to. In addition, it says that at the time the board action of July 6 was taken they felt a new school year had started and it was the board's duty to determine which schools were to be used for such year and they believed the mandamus order issued in November was meant to cover only that school year.

After an extended hearing the court on August 29 again found the three plaintiffs in contempt for voting to open the Barnes City and Lacey schools for the fall, 1967 term, directing the superintendent to prepare the schools for attendance of students then, and for releasing publicity to the effect these school buildings would be used for students commencing with the term referred to, all in defiance of the writ of mandamus to enforce the orders of the county superintendent and state department. Each plaintiff was fined $500 and, in event of nonpayment on or before September 5, was to be confined in the county jail not to exceed one day for each $3.33 of the fine. One third the court costs was to be taxed against each plaintiff. It is this last order of August 29 which is now under review by certiorari.

Plaintiffs contend defendant erred in these five respects: In enforcing a writ of mandamus (1) allegedly based on a void county superintendent's order; (2) allegedly void as made in an action prematurely brought and never abated; (3) which was no longer effective; (4) which was so vague and uncertain by its terms as to be void. The fifth claim of error is that defendant assumed jurisdiction of the subject matter and parties in a contempt action prosecuted by one (Heslinga) not authorized to represent the state.

II. The ultimate question is whether defendant judge acted without jurisdiction or otherwise illegally in ordering issuance of the writ of mandamus on November 22, 1966. Rule 306, Rules of Civil Procedure. Terms of the order were embodied in the writ.

██ Whether defendant decided the mandamus action correctly upon the merits may not be considered in this proceeding. If the court had jurisdiction of the parties and the subject matter of the action, the order of November 22 and the writ issued pursuant thereto were valid even though erroneous or improvidently granted. Burtch v. Zeuch, 200 Iowa 49, 56, 202 N.W. 542, 544, 39 A.L.R. 1349, 1354; Larsen v. District Court, 230 Iowa 1100, 1102, 300 N.W. 297, 298; Critelli v. Tidrick, 244 Iowa 462, 468, 56 N.W.2d 159, 164 and citations; Harvey v. Prall, 250 Iowa 1111, 1116, 97 N.W.2d 306, 309 and citations. Note 42 Iowa Law Rev. 265, 280; 17 Am.Jur.2d Contempt, section 47, page 51. ("The proper manner for challenging the correctness of an adverse ruling is by appeal and not by disobedience.")

17 C.J.S. Contempt § 124(1), page 332, states: "It is generally held that, on review of an order or judgment punishing for contempt for disobeying an order or decree of court the propriety of the order or decree disobeyed cannot be questioned, except in so far as it can be shown absolutely to be void."

An extended annotation in 12 A.L.R.2d 1059, 1107, cites numerous decisions, including six from Iowa in support of this general rule:

"Where the court has jurisdiction over the subject matter and the parties and has the authority or power to render the particular order or decree, the fact that such order or decree, violation or disobedience of which is made the basis of the contempt charge, is erroneous or irregular or improvidently rendered, does not justify the defendant in failing to abide by its terms, and his conduct in failing to do so may be punished as for contempt despite the error or irregularity. It is almost unanimously agreed that if the defendant desires to attack the order or the decree as erroneous, he must do so, not by disregarding or violating it and then setting the error up as a defense to a charge of contempt, but by a direct attack thereon by appeal or a motion to set it aside. He cannot attack it collaterally upon an appeal from the judgment of contempt  *  *  *."

III. We find no want of jurisdiction over these plaintiffs or the subject matter of the mandamus action which renders the order for the writ or the writ of mandamus void. Nor is the order to punish for contempt now under review void because of the claimed lack of authority of Mr. Heslinga to take part in the hearing which resulted in the order. The contentions plaintiffs raise here all go to the question whether defendant acted erroneously, not whether he acted without jurisdiction.

██ Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings belong. State ex rel. Cairy v. Iowa Co-op. Ass'n, 248 Iowa 167, 169–171, 79 N.W.2d 775, 776–777 and citations; J. R. Watkins Co. v. Kramer, 250 Iowa 947, 950, 97 N.W.2d 303, 305; Harvey v. Prall, supra, 250 Iowa 1111, 1116, 97 N.W.2d 306, 309.

██ The district court of Mahaska County, presided over by defendant, has

jurisdiction to hear and determine mandamus actions (Chapter 661 Code 1966) as well as proceedings for contempt (Code chapter 665.)

■ Section 665.2 defines the acts which constitute contempt of court. They include: "3. Illegal resistance to any order or process made or issued by it." There is ample evidence to support defendant's finding that these plaintiffs illegally resisted the writ of mandamus.

It cannot be doubted the court had jurisdiction over the persons of plaintiffs.

All the contentions raised here were presented to the trial court, some of them two or more times, and determined adversely to plaintiffs. Jurisdiction to determine such contentions did not depend on whether they were correctly decided. Courtright v. Consolidated Ind. School Dist., 203 Iowa 26, 32, 212 N.W. 368. Matters not going to the court's jurisdiction should have been raised on appeal from the order of November 22, 1966, not in a collateral attack such as this. Ex parte Holman, 28 Iowa 88, 98–100 (Dillon, C.J.) As stated, an appeal was taken from the order but was dismissed for lack of prosecution.

■ IV. Since this controversy has led to such turmoil locally we will comment on the contentions which seem to be most relied on. The first is that the county superintendent's order to close the elementary schools at Barnes City and Lacey was made without statutory authority. This is a matter which went to the merits of the mandamus action, not to the court's jurisdiction to consider and decide it.

We may observe, however, Code section 290.1 provides: "Any person aggrieved by any decision or order of the board of directors of any school corporation in a matter of law or fact may, within thirty days after the rendition of such decision or the making of such order, appeal therefrom to the county superintendent * * *." The decision of the superintendent may, in like manner, be appealed to the state department and, as stated, its decision shall be final. Code section 290.5. It is not suggested the persons who appealed to the county superintendent here were not persons aggrieved by the school board's decision to keep open the Barnes City and Lacey schools.

■ The county superintendent and state department had no power to enforce their orders and they must, therefore, be enforced by the courts. Refusal of the board and these plaintiffs, constituting a majority thereof, to perform the orders brought the case within the provisions of Code section 661.1 defining mandamus. See also section 661.4. Atkinson v. Hutchinson, 68 Iowa 161, 163–164, 26 N.W. 54; Newby v. Free, 72 Iowa 379, 34 N.W. 168; State v. Thomas, 152 Iowa 500, 502–504, 132 N.W. 842.

■ V. Under the circumstances here the order of November 22 and the writ of mandamus were not issued without jurisdiction of the subject matter because the action was brought before expiration of the 30 days for appeal to the state department from the county superintendent's order.

When the action was brought and the evidence heard no appeal from the county superintendent's order had been taken. His order was final unless appealed from. Section 290.3. The court's decision was filed the day before the time for appeal expired. As stated, the day it was filed plaintiffs in the action made application for supplemental order reciting that notice of appeal had been filed since the evidence was heard and final adjudication of the action should be withheld until the appeal was decided and the school board acted in relation thereto.

Also as stated, 10 days later defendants in the action (plaintiffs here) filed application for supplemental order stating their appeal had been set for hearing 12 days still later, no reason remained for the action to continue and it should be dismissed. Later yet plaintiffs in the action filed a second

application for supplemental hearing and order reciting affirmance of the county superintendent's order, refusal of defendant in the action to abide by it and asking that they be ordered to obey it. After due consideration the court granted this last application. The final order of November 22 and issuance of the writ of mandamus followed.

It is probably true the court in its original decision could have dismissed the action as prematurely brought, without prejudice to the bringing of another action. Decisions cited by plaintiffs here hold no more than this. This is what plaintiffs contend should have been done. But it does not follow the court lost jurisdiction of the subject matter by continuing the cause until time for appeal to the state department expired. No authority has been cited which supports such contention. The court acted sensibly and in the interest of justice by not dismissing the case as prematurely brought.

We think the court acquired jurisdiction of the subject matter when the mandamus action was commenced and properly retained it until final disposition of the cause. Jensen v. Jensen, Iowa, 147 N.W.2d 612, 616; Hobson v. Dempsey Constr. Co., 232 Iowa 1226, 1233, 7 N.W.2d 896, 900; 21 C.J.S. Courts § 94, p. 147; 20 Am.Jur.2d, Courts, section 148, p. 496.

VI. The contention the writ of mandamus was no longer effective at the time the order now under review was entered is based on the thought the school board's original order of July 18, 1966, the reversing orders of the county superintendent and state department and writ were all in effect only for the school year which expired July 1, 1967. Nothing in the return to the writ of certiorari now before us or the transcript of the evidence in the contempt proceeding supports this premise.

It was not until April 5, 1967, when defendant held these plaintiffs had purged themselves of contempt for prior violations of the writ of mandamus, that the validity of the order of November 22, 1966 and the writ seemed to be settled. Under the view of these plaintiffs the matter was settled only for the rest of that school year, reserving to them the right to renew the controversy three months later. The effect of this is that the county superintendent and state department can order elementary schools closed but such an order must be made each year. We deem this an unreasonable interpretation of the applicable statute.

In any event, this claim obviously goes to the merits of the controversy, not to the court's jurisdiction over the subject matter.

VII. It is true the order of November 22, 1966 and the writ of mandamus issued pursuant thereto must have been so definite and certain in terms as to be readily understood. We have said an order, to serve as a basis for a contempt proceeding, must meet this test and failure to do so renders the order void and unenforceable. Lynch v. Uhlenhopp, 248 Iowa 68, 72–75, 78 N.W.2d 491, 494–495 (a 5 to 4 decision); 17 Am.Jur.2d, Contempt, section 52, p. 55.

As set out in Division I supra, the writ provided that defendants to the action were under a legal duty to obey the order of August 8 of the county superintendent requiring the schools at Barnes City and Lacey to be closed, "you have refused to close (them)" and "upon receipt of this order you will do those things necessary to follow and obey the said order * * * and will forthwith close the elementary (schools) at Barnes City and Lacey * *."

These plaintiffs say the writ was void and unenforceable because it did not say "close the schools and keep them closed," or "close the schools permanently" or the equivalent. Indeed they maintain the writ would be obeyed by closing the schools temporarily even though they were reopened any time after the closing.

We think these plaintiffs were fully aware the writ of mandamus required them to close the Barnes City and Lacey

schools. This was the order of the county superintendent to which the writ of mandamus expressly ordered obedience. It is not contended this order was so vague and uncertain as not to be understood. In the absence of qualifying words we think the court's order of November 22, 1966 to close the two named schools and the writ were not so vague and uncertain as to be void and unenforceable.

VIII. We find no merit in plaintiffs' final contention that the court was without jurisdiction to punish them for contempt because, it is said, Mr. Heslinga was without authority to take part in the hearing on the rule to show cause. As stated, Heslinga filed the affidavit charging these plaintiffs with contempt. Their thought seems to be that only the county attorney or the attorney general could prosecute the action which was properly captioned in the name of the State of Iowa as plaintiff.

We find no statute or decision which supports the contention that failure of one of these named officials to prosecute the proceeding went to the jurisdiction of the court to punish plaintiffs for contempt. Brauer v. J. C. White Construction Co., 253 Iowa 1304, 1310, 115 N.W.2d 202, 205, cites several Iowa decisions for this:

"We are firmly committed to the rule that the question of the right of a plaintiff to maintain an action in court does not go to the court's jurisdiction to afford relief but only to the merits of the controversy. Jurisdiction of the subject matter is not dependent on who institutes the action. It may be shown in defense that a plaintiff has no right to bring the suit but this is not a defect of jurisdiction. It is a defect of title. Determination of the question involves an exercise of jurisdiction. If it be resolved against the plaintiff the appropriate decree is a dismissal for want of merits, not of jurisdiction." (Citations)

The quoted statement goes considerably further in sustaining the jurisdiction of trial courts than we go here.

After considering all questions presented we order the writ of certiorari annulled and the order under review sustained.

Writ annulled; order sustained.

All Justices concur.