# IN THE COURT OF APPEALS OF IOWA

No. 15-1400
Filed January 25, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JORGE PEREZ-CASTILLO,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

Jorge Perez-Castillo appeals the district court's denial of his motion for new trial following his 2004 convictions for two counts of murder in the first degree and two counts of attempted murder. **APPEAL DISMISSED.**

Ashley M. Sparks of Sparks Law Firm, P.L.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kristin Guddall, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Jorge Perez-Castillo appeals the district court's denial of his motion for new trial. He contends the court erred in denying the motion "by failing to consider good cause provisions provided by [the] rules of criminal procedure" and "without [a] hearing and without explanation." We dismiss Perez-Castillo's appeal for lack of jurisdiction.

## I.    *Background Facts and Proceedings*

In 2004, following a jury trial, Perez-Castillo was convicted of two counts of murder in the first degree and two counts of attempted murder. His direct appeal was affirmed in *State v. Perez-Castillo*, No. 05-0362, 2006 WL 2419143, at *6 (Iowa Ct. App. Aug. 23, 2006).

In 2015, Perez-Castillo filed a motion for new trial, raising a claim of newly discovered evidence—the testimony of two witnesses. According to Perez-Castillo, "One witness has firsthand knowledge of the circumstances of the death of the decedent and the defense of the defendants. The other witness has a dying declaration and excited utterance statement that fully exculpates the defendant[.]" The State responded to Perez-Castillo's motion, claiming it was time-barred under Iowa Rule of Criminal Procedure 2.24(2)(a) (requiring a motion for new trial be filed "not later than 45 days after verdict of guilty" or "not . . . later than five days before the date set for pronouncing judgment"). The district court summarily denied the motion without a hearing. Perez-Castillo appeals.

## II.    *Standard of Review*

"We review a district court's denial or grant of motion for new trial on the basis of newly-discovered evidence for abuse of discretion." *State v. Weaver*,

554 N.W.2d 240, 244 (Iowa 1996), *overruled on other grounds by State v. Hallum*, 585 N.W.2d 249, 253-54 (Iowa 1998). "We find an abuse of discretion only when discretion is exercised on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (citation omitted). "The court's discretion in granting or denying a motion for new trial is 'unusually broad' when the new trial motion is grounded on newly-discovered evidence." *Id.* (citation omitted).

### III. Discussion

Perez-Castillo contends the district court erred in denying his motion for new trial as time-barred because "an application for a new trial based upon newly discovered evidence may be made after judgment." Iowa R. Crim. 2.24(2)(a). Specifically, Perez-Castillo points to the "good cause" provision of rule 2.24, which provides a motion for new trial can be made after judgment

> [w]hen the defendant has discovered important and material evidence in the defendant's favor since the verdict, which the defendant could not with reasonable diligence have discovered and produced at the trial. A motion based upon this ground shall be made without unreasonable delay and, in any event, within two years after final judgment, but such motion may be considered thereafter upon a showing of good cause.

Iowa R. Crim. P. 2.24(2)(b)(8). Perez-Castillo contends he had good cause for his failure to file his motion because "he was unable to locate or obtain statements of testimony from the new witnesses, until very recently." Perez-Castillo further claims the district court erred in denying his motion "without [a] hearing and without explanation."

Preliminarily, the State contends we lack jurisdiction to consider Perez-Castillo's appeal because it was not timely filed in the district court under rule 2.24(2)(b)(8). The State did not challenge good cause before the district court,

and the district court made no specific finding whether there was good cause for filing the motion when it was filed. For purposes of this appeal, we assume, without deciding, there was good cause to consider the motion; accordingly, the district court had jurisdiction to consider the motion for new trial. The appeal was filed within thirty days of the ruling and thus is timely filed here. *See* Iowa R. App. P. 6.101(1)(b).

The State also contends we lack jurisdiction to review the district court's denial of Perez-Castillo's motion for a new trial because the denial of such a postjudgment motion is not appealable as a matter of right. Under Iowa Code section 814.6(1) (2015), a defendant does not have the right to appeal the denial of a motion for a new trial that was filed after entry of final judgment and passage of the time to appeal from that final judgment. Rather, an appeal from the denial of a postjudgment motion for new trial must be taken either: (1) by application for discretionary review under Iowa Rule of Appellate Procedure 6.106 of "[a]n order raising a question of law important to the judiciary and the profession," as permitted by Iowa Code section 814.6(2)(e); or (2) on petition for writ of certiorari under Iowa Rule of Appellate Procedure 6.107, as a claim the district court exceeded its jurisdiction or otherwise acted illegally. *See Allen v. Iowa Dist. Ct.*, 582 N.W.2d 506, 508 (Iowa 1998) ("Illegality exists when the findings on which the court has based its conclusions of law do not have substantial evidentiary support or when the court has not applied the proper rule of law." (citation omitted)).

Here, Perez-Castillo does not allege the district court exceeded its jurisdiction or acted illegally. *Cf. State v. Anderson*, No. 14-1767, 2016 WL

3272143, at *3 (Iowa Ct. App. June 15, 2016) ("In this case, one of Anderson's claims on appeal is that the district court did not use the proper rule of law when it denied his motion for new trial. We determine the proper form of review should have been by a petition for writ of certiorari. Pursuant to Iowa Rule of Appellate Procedure 6.108, we treat Anderson's notice of appeal and briefs as a petition for writ of certiorari and grant the writ."). Nor does Perez-Castillo claim the court's order raises a question of law important to the judiciary and the profession. Instead, both through counsel and in his pro se brief, Perez-Castillo challenges the court's failure to address his claim of good cause for failing to bring his claim within two years of final judgment. Accordingly, Perez-Castillo proffers no basis for us to elect to treat his notice of appeal and briefs as a petition for writ of certiorari. We therefore lack jurisdiction to hear this appeal.

**APPEAL DISMISSED.**