# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0002
Filed May 13, 2026

———————————

**William G. Sanders,**
Plaintiff,

v.

**Iowa District Court for Polk County,**
Defendant.

———————————

Certiorari from the Iowa District Court for Polk County,
The Honorable Coleman McCallister, Judge.

———————————

**WRIT ANNULLED**

———————————

William G. Sanders, Bradenton, Florida, self-represented plaintiff.

Jennifer H. De Kock of Coppola Hockenberg, P.C., West Des Moines,
attorney for defendant.

———————————

Considered without oral argument
by Badding, P.J., Sandy, J., and Mullins, S.J.
Opinion by Badding, P.J.

1

**BADDING, Presiding Judge.**

On certiorari from a ruling that found him in contempt for violating the decree dissolving his marriage to Ellen Nolte, William Sanders contends: "This is a story of a case built not on evidence, but on forgery, concealment, and extrinsic fraud." Under that premise, William raises ten issues challenging the court's ruling. Almost every issue focuses on fraud that William says permeated the dissolution proceedings and excused him from complying with the decree.

Although there are serious deficiencies in William's appellate briefing, we have attempted to address the issues that are properly before us—which do not include William's fraud allegations. After doing so, we find no error of law in the court's contempt ruling and annul the writ of certiorari. *See Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007) (reviewing certiorari actions for correction of errors at law). As the court correctly concluded, William's "unhappiness with the Court's property division does not justify him simply ignoring the Court's prior orders."

## I.    Waiver

At the outset, we address Ellen's argument that William's "failure to make a single legal argument or cite to any case law constitutes waiver of issues he might have raised on appeal." We agree that William's pro se briefs are not compliant with our rules of appellate procedure and are hard to decipher. *See Locher & Davis, PLC v. Ruth F. Woller Revocable Tr.*, No. 23-0944, 2024 WL 4761531, at *4 (Iowa Ct. App. Nov. 13, 2024) ("[W]e do not have a double standard for those represented by counsel and those who are unrepresented—we expect all to follow our procedures." (citing *Metro. Jacobson Dev. Venture v. Bd. of Rev. of Des Moines*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991)). The table of authorities in William's opening brief

confusingly contains arguments in support of some of his issues. *See* Iowa R. App. P. 6.903(2)(a)(2) (describing the required contents for the table of authorities). Some of those arguments are not repeated in William's argument section. There are no citations to the record in the statement of facts and few in the argument section, which has no statement addressing the scope and standard of review. *See id.* 6.903(2)(a)(6), (8). More importantly, hardly any of William's arguments are supported by substantive analysis or legal authority. *See id.* 6.903(2)(a)(8)(3) (requiring "citations to the authorities relied on" to support the contentions in the appellant's brief). And we will not do that work for him. *See Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 421 (Iowa 2023).

Although Ellen is correct that we could find a waiver under these circumstances, *see, e.g.*, *In re V.H.*, 996 N.W.2d 530, 537 (Iowa 2023), we choose to reach the merits. We will try to address the issues that are properly before us "as we understand them, while restraining ourselves from undertaking the role of an advocate and developing arguments" for William. *In re Marriage of Duggan*, 2025 WL 854988, at *2 (Iowa Ct. App. Mar. 19, 2025).

## II.    Merits

The focus of William's appeal is on "extrinsic fraud"—including "undisclosed and fabricated evidence"—that he says resulted in a void dissolution decree and excused his compliance with its provisions. "As a general rule, a party cannot attack the validity of a court order which is the basis for the contempt charge on appeal from the judgment of contempt." *Allen v. Iowa Dist. Ct.*, 582 N.W.2d 506, 508 (Iowa 1998). Instead, the party "must challenge the order by direct appeal." *Id.* William did that and lost.

*See In re Marriage of Sanders*, No. 22-1963, 2024 WL 2842310, at *7 (Iowa Ct. App. Jun. 5, 2024).

It's true that "one cannot be punished for violation of a void order." *Iowa Supreme Ct. Bd. of Prof'l Ethics & Conduct v. Hughes*, 557 N.W.2d 890, 892 (Iowa 1996). But William's complaints about perjured statements, fraudulent documents, and other "fraud evidence" submitted at the dissolution trial—even if true—do not mean the decree is void. "A judgment is void when the court lacks jurisdiction of the parties or of the subject matter, lacks the inherent power to make or enter the particular order involved, or acts in a manner inconsistent with due process of law." *Opat v. Ludeking*, 666 N.W.2d 597, 606 (Iowa 2003) (citation omitted). None of those circumstances are present with this dissolution decree. As a result, William was required to obey the decree's terms. *See Allen*, 582 N.W.2d at 508–09 ("If there is jurisdiction of the parties and legal authority to make an order, the order must be obeyed however erroneous or improvident." (citation omitted)); *In re Marriage of Welsher*, 274 N.W.2d 369, 372 (Iowa 1979) (same). Substantial evidence supports the district court's finding that William failed to do so. *See Ary*, 735 N.W.2d at 624.

With the fraud complaints out of the way, William is left with his claim that he was not personally served with notice of the contempt hearing.[1] Unlike subject matter jurisdiction, a service defect can be waived by

---

[1] William also challenges the district court's award of trial and appellate attorney fees to Ellen on remand from his appeal of the dissolution decree, *see Sanders*, 2024 WL 2842310, at *7, and the court's award of the fees that Ellen incurred for the contempt proceeding. The orders awarding those fees were entered after the court's contempt ruling and after William initiated this certiorari proceeding. Because William did not separately appeal the attorney fee orders, we cannot consider his challenge. Iowa R. App. P. 6.103(3); *In re Marriage of Kisting*, 6 N.W.3d 326, 338 (Iowa Ct. App. Feb. 7, 2024).

voluntary appearance. *Kelchner v. CRST Expedited Inc.*, 29 N.W.3d 315, 323 (Iowa 2025) (noting that "it is common for defendants to simply waive the formal service requirement by voluntarily appearing"). Although William initially sought to dismiss the contempt proceedings for lack of service, the original show-cause hearing—which he did not attend—was later rescheduled at William's request. He then voluntarily appeared at the second hearing, for which he does not dispute notice. Under these circumstances, we find William waived any challenge to the service of the court's show-cause order. *See In re Est. of Falck*, 672 N.W.2d 785, 792 (Iowa 2003) ("It is well-settled law when a party appears at trial in person or by counsel with actual notice of the trial, this is sufficient notice for judgment to be entered against that party."). And so we reject William's argument that "jurisdiction never attached." *See Criswell v. Hendrickson*, 344 N.W.2d 255, 257 (Iowa Ct. App. 1983) (finding the district court had personal jurisdiction over petitioners who appeared at a contempt hearing, even though the petitioners were not personally served with notice).

## III.   Attorney Fees

Having considered and rejected all William's claims—whether specifically addressed or not—we turn to Ellen's request for appellate attorney fees. "This case does not involve an appeal, but a petition for writ of certiorari." *Dontje v. Iowa Dist. Ct.*, No. 09-0983, 2010 WL 1050007, at *4 (Iowa Ct. App. Mar. 24, 2010). Certiorari is a separate action, independent from the underlying contempt proceeding. *Lane v. Oxberger*, 224 N.W.2d 245, 247 (Iowa 1974). As a result, Iowa Code section 598.24 (2026)—which allows the court to tax attorney fees against a party found to be in contempt—

does not apply. *Id.*; *see also Dontje*, 2010 WL 1050007, at \*4. We accordingly deny Ellen's request.

**WRIT ANNULLED.**